WYATT, APPELLEE, *v.* WYATT, APPELLANT.

[Cite as *Wyatt v. Wyatt* (1992), 65 Ohio St.3d 268.]

(No. 91–1611—Submitted September 15, 1992—Decided December 16, 1992.)

*Kemp, Schaeffer & Rowe Co., L.P.A.*, and *Harold R. Kemp*, for appellee.

*Strip, Fargo, Schulman & Hoppers Co., L.P.A., Michael P. Vasko* and *Nancy A. Novack*, for appellant.

*Richard L. Fox*, urging affirmance for *amicus curiae*, Ohio CSEA Directors' Association.

---

HERBERT R. BROWN, J. This case presents a convoluted history of litigation between plaintiff and defendant to collect child support payments. However, the only issues before this court are (1) whether the Alaska judgment is entitled to full faith and credit, and (2) whether *res judicata* applies to the Alaska court's decision. That court found the plaintiff had consented to the CSED settling her URESA claim for less than its full amount.

There is no doubt that the CSED, through Alaska's Attorney General, has absolutely no authority to compromise URESA claims of Ohio citizens without their consent or approval. However, in the present case, there was a specific finding by the Alaska trial court that Ms. Wyatt had given actual authority to the CSED to settle her URESA claim. Further, while Ms. Wyatt (through her personal attorney, not the Alaska Attorney General) appealed this finding to the Alaska Supreme Court, she failed to file a brief and the appeal was dismissed. For the reasons which follow, we find plaintiff's revivor action is barred by the Full Faith and Credit Clause and by *res judicata*.

The Full Faith and Credit Clause of the United States Constitution, Section 1, Article IV, provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. * * *" Ohio courts are required to recognize the validity of a foreign judgment rendered by a court of competent jurisdiction. *Durfee v. Duke* (1963), 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186.

"A judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the sister state's internal law, and under that law the judgment is void; however, such collateral attack is precluded in Ohio, if the [party] *submitted to the jurisdiction* of the sister state's court by an appearance *precluding collateral attack* in such state." (Emphasis added.) *Litsinger Sign Co. v. Am. Sign Co.* (1967), 11 Ohio St.2d 1, 40 O.O.2d 30, 227 N.E.2d 609, paragraph one of the syllabus.

The Superior Court for the state of Alaska, Third Judicial District (the trial court and the finder of facts), stated: "Ms. Mitchell [of CSED] was in touch with Ms. Wyatt at the time of the settlement * * * and also had actual authority to enter a settlement with the defendant." *Wyatt v. Wyatt* (Mar. 23, 1987), Nos. 3AN–79–4772 and 3AN–85–16814, unreported. The Alaska courts heard testimony regarding CSED's authority to enter into a settlement and held that the plaintiff had consented to the settlement agreement.

Applying the full faith and credit doctrine, Ohio courts must recognize and accept the decision by Alaska that the plaintiff consented to the settlement of her judgments.

As this court stated in *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' * * * [Emphasis deleted.] '[W]here a party is called upon to make good his cause of action * * *, he must do so by all the proper means within his control, and if he fails in that respect * * *, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties.' * * * The doctrine of *res judicata* 'encourages reliance on judicial decisions, bars vexatious litigation, and frees the court to resolve other disputes.' * * * 'Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if * * * conclusiveness did not attend the judgments of such tribunals * * *.' " (Citations omitted.)

Plaintiff incorrectly claims her revivor action is not barred by *res judicata* because: (1) she never consented to the settlement, and (2) Alaska never acquired personal jurisdiction over her. The issue of whether plaintiff consented to the settlement agreement has been decided. This is the crux of the case: Can the plaintiff relitigate in Ohio the same issue that has been litigated and decided by an Alaska court? The answer is no. Since the Alaska judgment appears on its face to be a record of a court of general jurisdiction

and jurisdiction has not been disproved by the record or by extrinsic evidence, this court must accept Alaska's factual determination on this issue, even if it is legally or factually incorrect. *Milliken v. Meyer* (1940), 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, rehearing denied (1941), 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143. We are not permitted to re-examine the merits of plaintiff's claim. *Dressler v. Bowling* (1986), 24 Ohio St.3d 14, 16, 24 OBR 12, 14, 492 N.E.2d 446, 449.

Plaintiff's claim that Alaska lacked personal jurisdiction over her is also without merit. Alaska Civ.R. 12(b) states that lack of personal jurisdiction must be raised as a defense in the proceedings. Lack of personal jurisdiction was never raised in the Alaska proceedings. Pursuant to Alaska Civ.R. 12(h) this claim is deemed waived if not raised. *Morrow v. New Moon Homes, Inc.* (Alaska 1976), 548 P.2d 279, at 294. Moreover, plaintiff personally appealed and then abandoned her appeal from the Alaska court's findings.

Thus, the Alaska trial court's finding that plaintiff gave CSED actual authority to settle her claims is binding on the parties. The plaintiff's motion to revive was properly denied by the trial court. The decision by the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I would affirm the judgment of the appellate court in its entirety. Alaska was the responding state to the URESA petition. The jurisdiction of the Alaska trial court was strictly limited to the URESA action. Personal jurisdiction was never obtained over appellee, therefore Alaska did not have authority to modify the Ohio judgment.

R.C. 3115.28 provides:

"Any support order issued by a court of this state pursuant to sections 3115.01 to 3115.34, inclusive, of the Revised Code, does not nullify *and is not nullified by* * * * *a support order made by a court of any other state pursuant to a substantially similar act or any other law* * * * *unless otherwise specifically provided by the court.* * * * " (Emphasis added.)

Alaska's version of URESA provides at Alaska Stat. 2525.250 in pertinent part:

"Participation in a proceeding under this chapter *does not confer upon any court jurisdiction over any of the parties to that proceeding in any other proceeding.* * * * " (Emphasis added.) See analogous R.C. 3115.29, restricting personal jurisdiction.

From the foregoing it becomes clear that Alaska had no authority to do what it did. Under URESA a responding state has authority only to enforce a support order of the petitioning state. If it chooses to modify that order that modification is null and void in the petitioning state. The original order remains in force. Only the petitioning state has authority to modify the support order originally entered. If it is to be changed it must be done in the state where the support decree originated.

I agree with the court of appeals wherein the court stated:

"We are compelled to conclude that the proceedings conducted in Alaska, *supra,* substantially deprived the plaintiff of fundamental Fourteenth Amendment due process. Therefore, the Ohio trial court was not required to recognize the Alaska judgment satisfactions under an application of full faith and credit.

"Consequently, the Alaska adjudications are not *res judicata* in Ohio. * * * "

For all the foregoing reasons I would affirm the judgment of the court of appeals.

DOUGLAS, J., concurs in the foregoing dissenting opinion.