FINE et al., Appellants,

v.

AMERICA ONLINE, INC., Appellee.

[Cite as *Fine v. Am. Online, Inc.* (2000), 139 Ohio App.3d 133.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 98CA007188.

Decided May 17, 2000.

134

*Robert D. Gary, Jori Bloom Naegele, Thomas R. Theado* and *Thomas A. Downie; Jonathon M. Yarger* and *Joshua R. Cohen,* for appellants.

*Michael J. Garvin;* and *Robert J. Kriss,* for appellee.

WHITMORE, Judge.

Michael Fine, Rodney Long, and Dan Rambo, for themselves and as the representatives of a certified plaintiff class, have appealed from a judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of America Online, Inc. This court affirms.

## I

Prior to December 1, 1996, America Online, Inc. ("AOL"), an Internet service provider, offered access on a "metered basis," *e.g.,* $9.95 per month for five hours, with each additional hour billed at $2.95. However, on December 1, 1996, AOL launched a national marketing campaign under which it offered unlimited service for a flat fee of $19.95 per month. As a result of this offer, AOL's lines were flooded with users, and almost immediately AOL's service ground to a virtual halt. With the volume of member usage hours growing and an increased number of subscribers attempting to log on, the immense traffic congestion was immediate and devastating. AOL's system had essentially been drowned in a hail of users.

On December 18, 1996, Steven Schwab, for himself and as a representative of a consumer plaintiff class allegedly harmed by AOL's offer and inadequate service capacities, filed suit against AOL in the Cook County Circuit Court in Chicago, Illinois.[1] On January 30, 1997, the circuit court certified the suit as a class action

---

**1.** The *Schwab* suit was the first of over ninety suits filed nationwide in response to AOL's December 1996 offer of "unlimited access" for a flat fee. Only two of those cases are at issue here: the *Schwab* action and the case at hand, *Fine v. AOL, Inc.*

with a national class.[2]   On February 26, 1997, the circuit court approved (1) the on-line notice of pendency of class action, with its opt-out provisions;  and (2) the summary notice of pendency of class action to be published in *The Chicago Tribune, The Los Angeles Times, The New York Times* and *USA Today.*   The circuit court expressly found that these forms of notice constituted the best notice practicable under the circumstances and that each constituted valid, due, and sufficient notice to all members of the national class.

On January 22, 1997, Michael Fine, Rodney Long, and Dan Rambo, for themselves and as the representatives of an Ohio consumer plaintiff class, filed the present suit in the Lorain County Court of Common Pleas, rooted in the same facts as the *Schwab* lawsuit.   On February 6, 1997, the common pleas court certified this matter as an Ohio-only class action.   Four days later, the court approved and ordered the appropriate notices to issue.

On April 3, 1997, the *Schwab* class reached a tentative settlement, subject to court approval.   The settlement essentially provided a scheme in which class members were to file claims for a refund and/or credit in exchange for a release of all other state and federal claims relating to AOL's inability to manage the increased demand for service after December 1, 1996.[3]   Again, the circuit court ordered and approved on-line notice.   *Schwab* class members were informed of their right to participate in the proposed settlement, their right to object, and, for a second time, their right to exclude themselves from the suit.

On November 20, 1997, the circuit court conducted a fairness hearing to consider all objections.   Counsel for the Ohio class attended this hearing but did not voice any objections.   On February 19, 1998, the circuit court issued its final approval of the *Schwab* settlement, finding it both fair and reasonable.

On April 24, 1998, the Ohio class moved the common pleas court for partial summary judgment on the merits, and six days later, on April 30, AOL likewise moved for summary judgment, claiming preclusion.   After reviewing extensive briefs and hearing oral arguments, on July 28, 1998, the common pleas court (1)

---

**2.**   On February 19, 1998, the circuit court explicitly stated that this determination was based on its review of Section 2–801 of the Illinois Code of Civil Procedure *et seq.*

**3.**   The release provided:

"Upon Court approval of the Settlement becoming final, the [*Schwab*] Class members * * * shall have fully, finally and forever released * * * all Released Claims against the Released Parties.  'Released Claims' means any and all claims, rights * * *, demands, actions, causes of action [and] suits,* * * including unknown claims, whether under Federal law * * * or the laws * * * of any and all states * * * relating in any way to Class members' use of AOL's online service, * * * the manner in which AOL's online service is or has been marketed, promoted, provided or billed to members * * *, or the costs or alleged damages incurred by Class members in connection with being subscribers of AOL or using or attempting to use AOL's online service, from December 1, 1996 until the date of final Court approval[.]"

granted summary judgment in favor of AOL, finding that the settlement reached in the *Schwab* case precluded the Ohio class suit, and (2) denied the Ohio class motion for partial summary judgment. From that order, the Ohio class timely appealed, asserting two assignments of error. For ease of discussion, the second assignment of error will be addressed first.

## II

In its second assignment of error, the Ohio class has argued that the requirements of due process were not satisfied during the *Schwab* action, and that, as a result, its claims cannot be barred. In response, AOL has argued that due process was in fact afforded, and that under the law of preclusion and the Full Faith and Credit Clause of the United States Constitution, the Ohio class, as members of the national class certified in the *Schwab* case, is bound by the settlement approved by the circuit court.

In order to evaluate the parties' arguments, this court must (1) examine the terms of the Full Faith and Credit Clause, (2) look to Illinois law to determine whether the Ohio class would be barred from raising its claims in an Illinois lawsuit, and (3) determine whether the Illinois judicial system, specifically the circuit court, extended due process to the *Schwab* class when approving the form of notice employed in that action and finding that the class members were adequately represented.[4]

### *Full Faith and Credit Clause*

■ The Full Faith and Credit Clause, Section 1, Article IV, United States Constitution, provides that full faith and credit " 'shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.' " *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 132, 712 N.E.2d 713, 715, quoting *Wyatt v. Wyatt* (1992), 65 Ohio St.3d 268, 269, 602 N.E.2d 1166, 1167 (pursuant to Full Faith and Credit Clause, Ohio courts must recognize the validity of judgments rendered in other states). In essence, Ohio courts must give the judicial proceedings of another state the same faith and credit " 'as they have by law or usage in the courts of such State * * * from which they are taken.' " *Holzemer*, 86 Ohio St.3d at 132, 712 N.E.2d at 715, quoting Section 1738, Title 28, U.S.Code. Thus, this court must give the same credit to the Illinois proceeding at issue in this case as that proceeding would carry in Illinois's own courts. *Id.*, citing *Durfee v. Duke* (1963), 375 U.S. 106, 109, 84 S.Ct. 242, 244,

---

4. Pursuant to Canon 3(F) of the Code of Judicial Conduct, this court notes that each member of this panel is a past or present subscriber of AOL's services. This court further notes that each party waived any and all objections to this fact during oral arguments.

11 L.Ed.2d 186, 190. See, also, *Matsushita Elec. Indus. Co., Ltd. v. Epstein* (1996) 516 U.S. 367, 373–374, 116 S.Ct. 873, 877–879, 134 L.Ed.2d 6, 16–17.

In order to determine what credit the Illinois courts would have given the *Schwab* case, this court must engage in a fiction. This court must first act as if the Ohio class had filed its lawsuit as a separate Illinois action. Then, this court must give the *Schwab* case the same effect or credit that it would have carried in that second, hypothetical suit in Illinois. If the Ohio class would have been precluded from litigating its claims in that hypothetical suit in Illinois, then under full faith and credit principles, the Ohio class would be precluded from litigating its claims in Ohio. *Holzemer*, 86 Ohio St.3d at 132, 712 N.E.2d at 715–716; see, also, Erichson, Interjurisdictional Preclusion (1998), 96 Mich.L.Rev. 945, 950; Lilly, The Symmetry of Preclusion (1993), 54 Ohio St.L.J. 289, 310–311.

### Illinois Law of Preclusion

■■ Under the Illinois law of preclusion, a final judgment will bar further action if such involves: (1) identity of parties or their privies in the two suits, (2) identity of causes of action in the prior and current suit, and (3) a final decision on the merits of the prior suit. *River Park, Inc. v. Highland Park* (1998), 184 Ill.2d 290, 302, 234 Ill.Dec. 783, 789, 703 N.E.2d 883, 889.[5] If all three require-ments are satisfied, the party or those in privity with that party are barred from relitigating matters that were raised or could have been raised in the prior action. See *La Salle County v. YMCA* (1984), 101 Ill.2d 246, 251–252, 78 Ill.Dec. 125, 127, 461 N.E.2d 959, 961; *Hughey v. Indus. Comm.* (1979), 76 Ill.2d 577, 582–583, 31 Ill.Dec. 787, 789, 394 N.E.2d 1164, 1166. The party seeking preclusion has the burden to show what was determined by the prior judgment. *Lolling v. Patterson* (C.A.7, 1992), 966 F.2d 230, 235, citing *Redfern v. Sullivan* (1982), 111 Ill.App.3d 372, 377, 67 Ill.Dec. 166, 170, 444 N.E.2d 205, 209.

In the case at bar, AOL has demonstrated that the *Schwab* class necessarily included the members of the Ohio class. The circuit court in its January 31, 1997 order expressly found the class to include "[a]ll AOL subscribers throughout the United States who were subscribers to AOL on December 1, 1996 or became subscribers on said date or thereafter." AOL has further shown that the underlying claims being made in the *Schwab* case are the same assertions that the Ohio class seeks to litigate. It is readily apparent from the circuit court's final entry in the *Schwab* action, introduced by AOL, that the underlying facts

---

5. When applying full faith and credit, the fact that the judgment at issue incorporates the results of a class-action settlement, rather than being the result of full litigation, makes no difference. *Matsushita*, 516 U.S. at 374–375, 116 S.Ct. at 878–879, 134 L.Ed.2d 617–618. See, also, *Majeske v. Fraternal Order of Police, Local Lodge No. 7* (C.A.7, 1996), 94 F.3d 307, 312.

and circumstances are the same. See *Schwab v. AOL, Inc.* (Feb. 19, 1998), Cook C.C., 96 CH 13732, unreported, at 1–2. AOL has also demonstrated that the circuit court order approving the *Schwab* settlement was on the merits. See *Majeske,* 94 F.3d at 312. The Ohio class has not contested any one of these three points. As such, after engaging in the legal fiction outlined previously, this court holds that the decision rendered by the circuit court in the *Schwab* case would, under Illinois law, preclude the Ohio class from litigating this action.

## Due Process

Having determined that Illinois law would bar the Ohio class from proceeding, the United States Constitution nevertheless deems it incumbent upon this court to determine whether that class was afforded due process in the first instance. *Kremer v. Chem. Constr. Corp.* (1982), 456 U.S. 461, 480–481, 102 S.Ct. 1883, 1897–1899, 72 L.Ed.2d 262, 280; *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (C.A.6, 1999), 193 F.3d 415, 425–426 (noting that the minimum requirements of due process inform both preclusion and class-action doctrines). "A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." *Kremer,* 456 U.S. at 482, 102 S.Ct. at 1898, 72 L.Ed.2d at 281. In other words, the Ohio class is barred from advancing its suit in Ohio only if the settlement in the *Schwab* case met due process requirements.

Traditionally, a court's judgment is binding on parties only if they were given constitutionally sufficient notice and if the court had both personal and subject matter jurisdiction. In the class-action context, the United States Supreme Court has added the requirement of adequate representation and in actions "predominately" for money damages, an "opt-out" right. *Matsushita,* 516 U.S. at 395, 116 S.Ct. at 888, 134 L.Ed.2d at 30 (Ginsburg, J., concurring in part and dissenting in part); *Phillips Petroleum Co. v. Shutts* (1985), 472 U.S. 797, 812, 105 S.Ct. 2965, 2974–2975, 86 L.Ed.2d 628, 642. However, the *Shutts* court held that in a state class action with a multi-state plaintiff class, the forum court may still assert jurisdiction over unnamed foreign plaintiffs even when those absent members have no contacts with the forum state, *i.e.,* the forum court lacks personal jurisdiction. *Shutts,* at 806–811, 105 S.Ct. at 2971–2974, 86 L.Ed.2d at 638–642. This is not to say that the forum court's assertion of jurisdiction need not meet the requirements of due process. The absent class members must still receive notice, adequate representation and an opportunity to opt out of the litigation. *Id.* at 811–812, 105 S.Ct. at 2974–2975, 86 L.Ed.2d at 641–642.

■ By way of collateral attack upon the procedures approved and employed by the circuit court in *Schwab,* the Ohio class has argued that this court should not enforce the circuit court's judgment in Ohio. Specifically, the Ohio class has

challenged the notice of settlement and the adequacy of representation, thereby suggesting that this court has the authority to directly review these matters for purposes of enforcement in Ohio. AOL, in response, has argued that the circuit court provided sufficient notice to all the *Schwab* and Ohio class members and that it ensured all absent class members adequate representation. In short, the parties have collectively argued that this court must review the circuit court's decision *de novo*. This court disagrees.

### 1. Collateral Review of Procedural Due Process

Modern constitutional jurisprudence requires that the absent class members' rights to due process be protected not by substantive collateral review, but, rather, by the application of appropriate procedures in the certifying court and by the courts that review its determinations. *Epstein v. MCA, Inc.* (C.A.9, 1999), 179 F.3d 641, 648 ("[D]ue process does not require collateral second-guessing of those determinations and that review."). See, also, *Rion v. Mom & Dad's Equip. Sales & Rentals, Inc.* (1996), 116 Ohio App.3d 161, 165, 687 N.E.2d 311, 313–314 (noting that the Full Faith and Credit Clause "requires the courts of this state to honor judgments from other states without re-examining the merits of their claims"), citing *Durfee v. Duke* (1963), 375 U.S. 106, 110–111, 84 S.Ct. 242, 244–245, 11 L.Ed.2d 186, 190–191, and *Dressler v. Bowling* (1986), 24 Ohio St.3d 14, 16, 492 N.E.2d 446, 448–449. Thus, the appropriate collateral review involves an examination of *procedural* due process and nothing more. As long as procedural safeguards are established by the law and employed, absent class members' objections to the determinations of the certifying court may be properly remedied on appeal within the forum state's judicial system and to the United States Supreme Court. See *Epstein*, at 648, citing *Grimes v. Vitalink Communications Corp.* (C.A.3, 1994), 17 F.3d 1553, 1558, and *Nottingham Partners v. Trans–Lux Corp.* (C.A.1, 1991), 925 F.2d 29, 33; *King v. S. Cent. Bell Tel. & Tel. Co.* (C.A.6, 1986), 790 F.2d 524, 528 (noting that the application of the law of preclusion in the class-action context does not relate to "whether the judgment relied on was a right or wrong decision"); *Kamilewicz v. Bank of Boston Corp.* (C.A.7, 1996), 92 F.3d 506, 512. See, also, Murphy, The Intersystem Class Settlement: Of Comity, Consent, and Collusion (1999), 47 U.Kan. L.Rev. 413, 489 ("The concept of collateral attack as in the nature of an extraordinary remedy suggests the more limited type of review reflected in the procedures-only review."). Traditionally, grounds that may be invoked to advance collateral attacks are much more limited than those that may be sustained as error on direct appeal.[6] To hold otherwise would create a form of collateral

---

6. Grounds for collateral attack have been generally limited to corruption, duress, fraud, collusion, or mistake. See *Martin v. Wilks* (1989), 490 U.S. 755, 771, 109 S.Ct. 2180, 2189–2190, 104 L.Ed.2d 835, 850 (Stevens, J., dissenting).

review that is inconsistent with both the spirit of the class-action mechanism and the principles at the very core of the full faith and credit doctrine.

As one commentator recently noted, one of the more troubling features of modern class-action law is the increasing frequency of overlapping litigation, *i.e.,* class-action suits based on common facts or circumstances filed in more than one court. Miller, Full Faith and Credit to Settlements in Overlapping Class Actions (1998), 73 N.Y.U.L.Rev. 1167, 1167. Such cases present a difficult problem of policy because two competing goals are at stake: efficient enforcement of the law, on the one hand, and on the other, respect for independent sovereignty of the jurisdictions in which the various collateral suits are brought. *Id.* at 1167–1168. Thus, the benefits that attend effective time management and the preservation of judicial resources must be carefully weighed against the concern for individual state sovereignty.

## A. Time Management

The class-action mechanism exists in large measure to allow courts the ability to manage those cases that involve numerous parties, and similar, if not identical issues that would otherwise cause significant congestion of a court's docket. Safranek, Do Class Action Plaintiffs Lose Their Constitutional Rights? (1996), 1996 Wis.L.Rev. 263, 267. In this vein, this court notes that the class-action mechanism is primarily grounded on the premise that a judgment should have a binding effect on absent class members. *King,* 790 F.2d at 528; Kahan and Silberman, The Proper Role for Collateral Attack in Class Actions: A Reply to Allen, Miller, and Morrison (1998), 73 N.Y.U.L.Rev. 1193, 1202. The certification of a class-action lawsuit, the entry of a judgment, and the subsequent enforcement of the full faith and credit doctrine significantly promote effective time-management and the efficient conclusion to what would otherwise amount to overwhelming litigation. See *King,* 790 F.2d at 528. To allow substantive collateral attacks would be counter-intuitive to this procedural relief that a class-action suit is intended to afford our judicial system nationwide.

## B. Preservation of Judicial Resources

Moreover, by engaging in a substantive collateral review, this court would squander Ohio's financial resources in its attempt to essentially "re-create the wheel." Such needless depletion of the Ohio judiciary's financial resources is a reality this court should not encourage. If a forum court has established and applied procedural safeguards to protect absent class members, it is surely a waste of valuable financial resources to reexamine the finite points of law that are properly left for consideration on a direct appeal.

## C. State Sovereignty

Competing with these two notions of judicial economy is the scholarly concern for a nonforum state's sovereignty and its right to determine which orders will be enforced within its borders. In the end, this court rejects such a notion. The deference and esteem due to a particular state's autonomy cuts both ways. In the American system of justice, "states are independent sovereigns whose judgments and policy choices are generally entitled to respect." Murphy, 47 U.Kan.L.Rev. at 490. A *de novo* review of proceedings when the forum court carefully considered all relevant factors seems unnecessarily offensive to that court and usurpative of the appellate function. *Id.* at 489. The key to the philosophy and spirit of the class-action mechanism is the amount of discretion and control granted to a trial court over the maintenance, management, and effect of the class action. Note, Collateral Attack on the Binding Effect of Class Action Judgments (1974), 87 Harv.L.Rev. 589, 602. "Errors are subject to correction, on a limited basis, by a higher court." Murphy, 47 U.Kan.L.Rev. at 489. As such, Ohio courts must embrace the considerable role of the certifying court and the significance of judicial economy in modern jurisprudence. Any other result would trespass against the principles at the very core of the full faith and credit doctrine and demean the values girding the class-action mechanism.

## 2. Application

Turning to the matter at bar, this court concludes that the Ohio class members' due process right to collateral review is properly limited to the determination of (1) whether safeguards to guarantee sufficient notice and adequate representation were in place during the prior litigation and (2) whether such safeguards were applied. Because the answers to both queries return in the affirmative, this court holds that the Ohio class was afforded due process in the *Schwab* action.

## A. Notice

As noted previously, the Ohio class has challenged the sufficiency of notice in the *Schwab* action. The Illinois class-action statute provides circuit courts broad discretion to order whatever type of notice "it deems necessary to protect the interests of the class and the parties." Section 2–803 of the Illinois Code of Civil Procedure. In tackling this issue, the circuit court dedicated almost one-third of its final journal entry to the resolution of the *Schwab* class's objections regarding notice. It discussed the relevant case law and then addressed each type of notice given. In the end, the circuit court found that the means of notice "were reasonably certain to inform those affected" and that they "satisfied the requirements of due process." This court believes that the circuit court's findings demonstrate both the presence and application of procedural safeguards. There-

fore, in light of modern constitutional requirements, the Ohio class's argument on notice must fail.

## B. Adequate Representation

■ As for the Ohio class's attack upon the adequacy of representation, it appears that it, too, is without merit. First, the Ohio class has argued that AOL deliberately pressured the national class and its counsel into a position from which they did and could not adequately represent the interests of all AOL subscribers nationwide. However, its argument is based on the ill-fated premise that the *Schwab* class did not secure the best practicable notice.[7] Second, the Ohio class has asserted that counsel for the *Schwab* class agreed to a "cheap" settlement. Mere disagreement with the terms of a settlement cannot provide grounds for a collateral attack. If such an argument were upheld, absent class members could always mount a collateral attack against the fairness of a settlement under the guise of challenging the adequacy of representation. In any event, this court is charged only with the duty of determining whether procedures to protect the due process rights of the absent class members, namely the Ohio class, were established by Illinois law and applied by the circuit court.

Under Illinois law, before a circuit court is permitted to certify a class action, it must find:

" '(1) The class is so numerous that joinder of all members is impracticable.

" '(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

" '(3) The representative parties will fairly and adequately protect the interest of the class.

" '(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.' " *Carrao v. Health Care Serv. Corp.* (1983), 118 Ill.App.3d 417, 426, 73 Ill.Dec. 684, 692, 454 N.E.2d 781, 789, quoting Section 2–801 of the Illinois Code of Civil Procedure.

Each of these determinations is one of fact, and under Illinois law, subject to a review of an abuse of discretion. *Id.* ("The scope of our review is limited to an assessment of the trial court's exercise of discretion and does not extend to an independent, *de novo*, evaluation of the facts alleged to justify litigation of the

---

7. As previously held, the Ohio class's challenge of the adequacy of notice in the *Schwab* matter, under modern constitutional requirements, must fail. This court would also note that, as stated in the common pleas order and as counsel conceded during oral arguments before this court, counsel for the Ohio class attended the fairness hearing in the *Schwab* matter, yet failed to raise the objections they attempt to raise now. As such, collateral attack is precluded. See *Wyatt v. Wyatt* (1992), 65 Ohio St.3d 268, 270, 602 N.E.2d 1166, 1167–1168.

case as a class action."), citing *McCabe v. Burgess* (1979), 75 Ill.2d 457, 464–465, 27 Ill.Dec. 501, 504, 389 N.E.2d 565, 568.[8] A review of the record indicates that the circuit court did in fact reference and consider the factors necessary to certify a class action. By construing both its January 30, 1997 order and its February 19, 1998 order together, it is evident that the circuit court certified the *Schwab* class pursuant to Section 2–801 *et seq.* of the Illinois Code of Civil Procedure. Therefore, no further inquiry by this court is required. See *Epstein,* 179 F.3d at 648.

### 3. Summary

■ The United States Supreme Court once stated, "[T]here has been a failure of due process only in those cases where it cannot be said that the procedure adopted fairly ensures the protection of the interests of absent parties who are to be bound by it." *Hansberry v. Lee* (1940), 311 U.S. 32, 42, 61 S.Ct. 115, 118, 85 L.Ed. 22, 27. Court proceedings need not provide more than the minimal procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for full faith and credit. *Kremer,* 456 U.S. at 481, 102 S.Ct. at 1897, 72 L.Ed.2d at 280. The circuit court in the *Schwab* action has meticulously addressed each requisite of due process as stated in *Shutts.* It expressly held that the means of notice were sufficient, afforded class members two opportunities to opt-out, conducted a fairness hearing in which objections to the settlement were presented, and expressly considered Illinois law regarding adequate representation in its certification of the class. Accordingly, after reviewing the record, this court is satisfied that due process was afforded in the *Schwab* proceedings. In the interests of judicial economy, the spirit of the class-action mechanism, and intent of the full faith and credit doctrine, any further inquiry shall be reserved for the Illinois judicial system and the United States Supreme Court. The trial court's entry of summary judgment in favor of AOL was proper, and the Ohio class's second assignment of error is overruled.

This court does not reach the Ohio class's first assignment of error. Pursuant to App.R.12(A)(1)(c), this court declines to address its merits.

---

**8.** Again, this court notes that it would be inconceivable to expand our review of another jurisdiction's determination beyond that which it would be subject to on direct appeal. To allow any further inquiry would allow a plaintiff class a second bite at the proverbial apple.

Moreover, assuming *arguendo* that this court did enjoy the authority to engage in more than a facial, procedural review of the proceedings in *Schwab,* it appears that the Ohio class has failed to carry its burden regarding adequate representation. It has advanced nothing more than mere conjecture for the proposition that counsel for the *Schwab* class were pressured into settlement. Such empty assertions would not be enough to mount a successful constitutional challenge in any event.

III

In sum, the ruling in *Schwab* shall be afforded full faith and credit in Ohio courts. As a result, the Ohio class's second assignment of error is overruled, and its first assignment of error is rendered moot. The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

CARR, J., concurs.

BAIRD, P.J., dissents.

BAIRD, P.J., dissenting.

Though admittedly risking a depletion of Ohio's resources, it seems to me that the notice procedures approved in *Schwab* are not consistent with any real due process analysis.

This is not to say that there might be some compelling reason why individual, written notice could not have been supplied to each AOL subscriber, much in the same way as his monthly bill for the service is presented. Likewise, there may well be some justification for on-line notification. There is no such justification in this case, however, for the fact that such notification was not captioned so as to draw the attention of AOL subscribers in particular. Not only was personal notice not required, there was not even any requirement that the notice icon be titled in such a way as to draw the attention of subscribers. It is hard to imagine any notice being any less likely to draw the attention of a subscriber and give notice thereto than was the procedure followed in this case.

The difference between an on-line notice captioned "Attention AOL Subscribers" and one captioned "AOL RESOLVES class action suit. Learn the details" is the difference between a serious attempt to notify a group of people and one that is ludicrously short of that standard. As such, I respectfully dissent.