OPINION
{¶ 1} Plaintiffs-appellants, Robert and Theresa Bishopp, appeal the decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Dryvit Systems, Inc. We reverse the decision of the trial court.
 {¶ 2} In 1994, appellants purchased and constructed a residence on a residential lot in Morrow, Ohio. The home was constructed with an exterior insulation finishing system ("EIFS") manufactured by Dryvit. Toward the end of 2002, appellants placed their residence on the market for sale by owner. Unable to sell the residence on their own, appellants *Page 2 
retained the services of a realtor who listed the residence at a price of $467,900. After being unable to sell the home for quite some time, appellants retained another realtor. The new realtor advised appellants that there was a serious defect with the home because of the presence of the Dryvit EIFS, which significantly reduced the value of the residence. Appellants were informed that the Dryvit EIFS product has a reputation for water intrusion that could lead to mold developing within the exterior wall of the house. Appellants eventually sold their residence for $300,000 and filed a lawsuit against Dryvit, Kensington Homes, Valley Interiors, and Hallahan Construction to recover for the diminished property value. Appellants negotiated a settlement and voluntarily dismissed their claims with Kensington, Valley and Hallahan; leaving Dryvit as the sole defendant.
 {¶ 3} Dryvit moved for summary judgment on the basis that appellants' suit is precluded due to a class action settlement in Tennessee. Following an in-chambers, off-the-record hearing, the trial court granted Dryvit's motion for summary judgment, concluding that the settlement from the class action case, Posey v. Dryvit Systems,Inc., precluded appellants' claims.
 {¶ 4} The Posey litigation began with a class action complaint filed on November 14, 2000 in the Jefferson County, Tennessee Circuit Court. The complaint was originally filed on behalf of only Tennessee residents who had the Dryvit EIFS installed after November 14, 1990. The complaint alleged violations of the Tennessee Consumer Protection Act, strict liability, negligence, intentional misrepresentation, breach of warranties, negligent misrepresentation, and unjust enrichment. The Tennessee trial court never issued an order certifying a Tennessee-only class. The case was removed to federal court, but it was later sent back to the Tennessee state court after the plaintiffs agreed to limit the amount in controversy.
 {¶ 5} Upon remand, on April 8, 2002, the plaintiffs filed an "Agreed Order Granting *Page 3 
Leave of Court to File Second Amended Class Action Complaint" purportedly to convert the class into a nationwide class of plaintiffs. The court order stated that the plaintiffs were granted leave to file the second amended complaint, but the second amended complaint was not filed on April 8, 2002, or at any time in the year 2002. On the same day, the parties filed a "Motion for Preliminary Approval of Settlement" and attached the proposed settlement prepared for a nationwide class rather than a statewide class. The court set the deadline for the purported members of the new, nationwide class to opt out of the settlement by September 3, 2002. The Tennessee court conducted a fairness hearing on October 1, 2002, and entered an "Order and Judgment Granting Final Approval of Settlement" on January 14, 2003.
 {¶ 6} Nearly a year after the court preliminarily approved the settlement agreement, on March 3, 2003, the Jefferson County Court issued an order granting the Posey plaintiffs' motion for leave of court to file the second amended complaint nunc pro tunc to April 8, 2002. Specifically, the order stated, in pertinent part, "Plaintiff's motion for leave of court to file a second amended class action complaintnunc pro tune to April 8, 2002 is granted." The record before this court is devoid of any evidence, including a time-stamped copy of a second amended complaint, to indicate that the second amended complaint was filed pursuant to the March 3, 2003 nunc pro tunc entry. In addition, the Tennessee court did not issue an order stating the complaint would be deemed filed nunc pro tunc to April 8, 2002.
 {¶ 7} Appellants timely appealed, raising one assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE DRYVIT SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 9} Appellants argue in their sole assignment of error that the trial court erred by granting summary judgment in favor of Dryvit. Appellants argue their claim cannot be precluded under the doctrine of res judicata because the record reveals that they were not *Page 4 
parties to the Posey litigation, the application of the Posey case to appellants violated due process, and appellants did not receive notice of the purported class action settlement.
 {¶ 10} We review a trial court's decision granting summary judgment under a de novo standard of review. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Summary judgment is proper when: (1 ) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 {¶ 11} Where a class action settlement from another state purports to preclude a lawsuit in Ohio, this court applies the test enumerated inFine v. America Online, Inc. (2000), 139 Ohio App.3d 133. TheFine test requires the reviewing court to: "1) examine the terms of the Full Faith and Credit Clause; 2) look to the law of the state where the class action suit was decided to determine whether the Ohio case would be barred from raising its claims in another lawsuit in that state; and 3) determine whether the other state's judicial system, specifically the circuit court, extended due process to the class when approving the form of notice employed in that action and finding that the class members were adequately represented." Id. at 137.
 {¶ 12} In this case, the trial court granted Dryvit's motion for summary judgment and dismissed appellants' case. The trial court ruled appellants' claim was precluded by the Posey class action settlement in Tennessee based on Fine. The court determined the Tennessee judgment must be given full faith and credit.
 The Full Faith and Credit Clause {¶ 13} The Full Faith and Credit Clause of the United States Constitution provides, "full faith and credit shall be given in each State to the public acts, records, and judicial *Page 5 
proceedings of every other state." Section 1, Article IV, United States Constitution. See, also, Holzemer v. Urbanski (1999), 86 Ohio St.3d 129,132, quoting Wyatt v. Wyatt (1992), 65 Ohio St.3d 268, 269 (pursuant to the Full Faith and Credit Clause, Ohio courts must recognize the validity of judgments rendered in other states). Ohio courts must give the judicial proceedings of another state the same faith and credit as they have by law or usage in the courts of such state from which they are taken. Fine at 137, citing Holzemer at 132. Thus, this court must give the same credit to the Tennessee proceeding at issue in this case as that proceeding would carry in Tennessee's own courts.Holzemer at 132, citing Durfee v. Duke (1963), 375 U.S. 106, 109,84 S.Ct. 242.
 {¶ 14} In order to determine what credit the Tennessee courts would give the Posey case, this court must treat this action as though it had been filed in Tennessee. Fine at 138. This court must then give thePosey case the same effect or credit that it would have carried in that second, hypothetical suit in Tennessee. Id. If appellants would be precluded from litigating their claims in Tennessee due to thePosey settlement, then under full faith and credit principles, appellants would also be precluded in Ohio. Id., citingHolzemer at 132.
 Tennessee Law of Preclusion {¶ 15} Under Tennessee law of claim preclusion or res judicata, a final judgment will bar further action if the following elements are present: 1) the underlying judgment was rendered by a court of competent jurisdiction; 2) the same parties, or their privies, were involved in both suits; 3) the same cause of action was involved in both suits; and 4) the underlying judgment was on the merits. Lee v. Hall
(Tenn.App. 1990), 790 S.W.2d 293, 294, citing Hutcheson v. TVA
(M.D.Tenn.1985), 604 F.Supp 543, 550. If all elements are satisfied, the party or those in privity are barred from litigating all issues that were raised or could have been raised in the prior action. Id. The fact that the outcome of a class-action suit is achieved through a settlement, rather than being the result of full litigation, makes no *Page 6 
difference. Id. citing Matsushita Elec. Indus. Co., Ltd. v. Epstein
(1996) 516 U.S. 367, 374-375, 116 S.Ct. 873.
 {¶ 16} The procedural history of this case demonstrates that the opt-out date for the nationwide plaintiffs was set for September 3, 2002. This was six months before the Tennessee Circuit Court granted the motion to file the second amended complaint nunc pro tunc to April 8, 2002. In addition, the Tennessee court did not issue an order stating that when a second amended complaint was filed it would be deemed filed nunc pro tunc to April 8, 2002. Finally, there is nothing in the record to support a finding that a second amended complaint was ever filed in the Tennessee case. Dryvit presented a copy of a "Second Amended Complaint" to the trial court in this case but the copy was not time-stamped to show that it had ever been filed. If a complaint identifying a nationwide class was never filed, the Tennessee Circuit Court would not have jurisdiction to certify a nationwide class. After examining the procedural posture of the Posey case it is not clear from the record that the Tennessee Circuit Court validly certified a nationwide class.
 {¶ 17} The Posey trial court's final order and judgment stated, "The Court finds that for the purpose of this Settlement, the requirements of Rule 23 of the Tennessee Rules of Civil Procedure are satisfied * * *." In the case at bar, the trial court granted full faith and credit to the Tennessee court's findings made in the order. The trial court simply accepted the Tennessee court's findings without examining whether there was a basis for them. The trial court assumed that proper procedure was followed in certifying the nationwide class and that due process was provided to the class. As a result, the trial court held that appellants' case was precluded by the Posey settlement.
 {¶ 18} The Posey settlement itself was never appealed; therefore, it is unknown how a Tennessee court would treat the absence of the second amended complaint and the certification of a nationwide class. However, the Posey case was appealed twice to the Court *Page 7 
of Appeals of Tennessee, at Knoxville, on collateral issues. SeePosey v. Dryvit Systems, Inc. (Mar. 22, 2004), Tenn. App. No. E2003-00392-COA-R3-CV, 2004 WL 572348 ("Posey I") (holding that homebuilders have a right to intervene); and Posey v. Dryvit Systems,Inc. (Jan. 4, 2005), Tenn. App. No. E2004-02013-COA-R9-CV, 2005 WL 17426
("Posey II") (holding that an additional fairness hearing is necessary to allow intervening parties to present evidence relevant to the settlement). In both cases, the Tennessee appellate court criticized the actions of the trial court and remanded the case for further proceedings. In Posey I, the appellate court stated, "it is obvious that the Trial Court is required to address the matter of class definition as contained in its final order, which as certified is a meaningless class." Posey I, 2004 WL 572348 at *7. In Posey II, the appellate court stated, "A review of the transcript of the fairness hearing in this case reveals that the Trial Court's scrutiny of the settlement wascursory at best." (Emphasis added.) Posey II, 2005 WL 17426 at *2.
 {¶ 19} In light of the unusual procedural posture of thePosey case, Dryvit's failure to present evidence of a filed second amended complaint identifying a nationwide class, and the Tennessee appellate court's scrutiny of the Posey trial court, it is unclear whether a nationwide class has ever been properly certified inPosey and, as a result, whether appellants are precluded from bringing their claim against Dryvit.
 {¶ 20} A court does not have the power to certify a class in a class action lawsuit unless a complaint identifying the class to be certified is properly filed. In the absence of a validly filed complaint identifying a class, a court would not have jurisdiction over that class. If the class is not validly certified, claimants that would purportedly be included in the class are not parties, or privies, to that class action. As a result, a claimant cannot be precluded by a settlement or decision in a class action lawsuit unless the claimant was properly made a party, or privy, to the class action. *Page 8 
 {¶ 21} We hold that there is a genuine issue of material fact whether appellants' claim is precluded by the Posey settlement. On remand, the trial court must determine whether the Tennessee Circuit Court validly certified a nationwide class. The court must determine if a second amended complaint was ever filed to determine whether appellants were parties to the Posey settlement and whether their claim against Dryvit is precluded. Absent a finding that the second amended complaint was filed, appellants suit would not be precluded by the Posey settlement.
 Due Process {¶ 22} The final requirement to determine if appellants are precluded from bringing suit against Dryvit is whether appellants were afforded due process by the Posey litigation. Under Fine, the appropriate collateral review is "an examination of procedural due process and nothing more." Fine, 139 Ohio App.3d at 140. Ohio class members' due process right is "limited to the determination of: 1) whether safeguards to guaranty sufficient notice and adequate representation were in place during the prior litigation; and 2) whether such safeguards were applied." Id. at 142.
 {¶ 23} Based on our earlier analysis, appellants could not have been adequately represented by the Posey plaintiffs absent the valid certification of a nationwide class. We, therefore, also remand the issue of adequate representation to the trial court.
 {¶ 24} Appellants argue they did not receive proper notice of thePosey settlement prior to the opt-out deadline. They claim "the fact that they did not receive any notice whatsoever * * * further reinforces that the notice provisions were not the best practicable." Finally, they urge they were entitled to personal notice.
 {¶ 25} To determine whether appellants received proper notice, a court must examine the Tennessee notice provisions for class action lawsuits. Id. The Tennessee Rules of Civil Procedure grant broad discretion to circuit courts in providing notice in class actions. "In any *Page 9 
class action maintained under Rule 23.02(3), the court shall direct to the members of the class the best practicable notice under the circumstances, including publication when appropriate or individual notice to all members who can be identified through reasonable effort." Tenn. Civ.R. 23.03(2).
 {¶ 26} In light of our analysis and disposition of the preclusion and adequate representation issues in this case, we decline to rule on adequacy of notice at this time.
 {¶ 27} Appellants' sole assignment of error is sustained.
 {¶ 28} Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
 WALSH, P.J., and YOUNG, J., concur *Page 1