**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*McAdams v. Mercedes-Benz, USA, L.L.C.*, **Slip Opinion No. 2020-Ohio-3702.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3702

MCADAMS, APPELLEE, *v*. MERCEDES-BENZ USA, L.L.C., APPELLANT, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McAdams v. Mercedes-Benz, USA, L.L.C.*, Slip Opinion No. 2020-Ohio-3702.]**

*Res judicata—Class-action settlement—Opt-out provision—Federal court's determination of the class bound all nonexcluded class members to settlement agreement—State court erred in conducting an analysis of the class—When a party was not excluded from a class-action suit by a federal court that determined the class, the question whether the party opted out of the class is res judicata.*

(No. 2018-1667—Submitted January 8, 2020—Decided July 16, 2020.)

APPEAL from the Court of Appeals for Franklin County,

No. 17AP-120, 2018-Ohio-4078.

_____

**FISCHER, J.**

**{¶ 1}** We accepted the discretionary appeal of appellant, Mercedes-Benz USA, L.L.C. ("MB USA"), to address whether appellee Pattiann McAdams's lawsuit against MB USA and others was barred by a class-action settlement that was approved in *Seifi v. Mercedes-Benz USA, L.L.C.*, N.D.Cal. No. 12-CV-05493 (TEH), 2015 U.S. Dist. LEXIS 109015 (Aug. 18, 2015). The issue before us is whether McAdams had opted out of the *Seifi* class action and thus could pursue her individual claim against MB USA. The Tenth District Court of Appeals held that McAdams had opted out of the *Seifi* class action.

**{¶ 2}** Because the federal court in *Seifi* determined the composition of the class, specifically excluded from the action only those class members who had followed a specific opt-out procedure, and did not exclude McAdams, we conclude that McAdams's status as a member of the *Seifi* class was determined in that case and thus that her claim here is barred by res judicata. We reverse the judgment of the Tenth District Court of Appeals on the opt-out issue, and we reinstate the trial court's judgment granting MB USA summary judgment on McAdams's balance-shaft-gear claim.

## I. BACKGROUND

### A. McAdams's 2006 Mercedes ML350 SUV

**{¶ 3}** McAdams purchased a certified preowned 2006 Mercedes ML350 SUV with a M272 engine, No. 27296730275576, from Mercedes-Benz of New Rochelle, a dealership in New York, in 2008. McAdams claimed that in 2014, she experienced mechanical problems related to the vehicle's balance-shaft gear and transmission conductor plate.

**{¶ 4}** Mercedes-Benz of Easton ("MB Easton") determined that the balance-shaft gear in the vehicle needed to be replaced; the repair would cost several thousand dollars. Crown Eurocars, another Mercedes-Benz dealership, completed the repair. Crown Eurocars later determined that the vehicle's

transmission conductor plate needed to be replaced. All the repairs were eventually made.

### B. Lawsuits against MB USA

#### 1. Class action in federal court

{¶ 5} In 2012, a federal class-action lawsuit was filed against MB USA on behalf of a proposed class of Mercedes-Benz owners and lessees whose vehicles were equipped with certain M272 engines. *See Seifi*, 2013 U.S. Dist. LEXIS 47796, at *1 (Apr. 2, 2013). The plaintiffs alleged in that complaint that defective balance-shaft gears in their 2006 Mercedes ML350 vehicles caused engine malfunctions resulting in repairs that cost several thousand dollars. *See id.*

{¶ 6} On April 8, 2015, the federal court issued a notice of pendency and proposed settlement of the class action and conditionally certified the class on a nationwide basis. *Seifi*, 2015 U.S. Dist. LEXIS 46107, at *3-4 (Apr. 8, 2015) The class was defined as "[a]ll current and former owners and lessees of Mercedes-Benz branded automobiles equipped with M272 and M273 engines bearing serial numbers up to 2729..30 468993 or 2729..30 088611, found in the Subject 2005-2007 Model Year Vehicles" who had purchased or leased their vehicles within the United States. *Id.*

{¶ 7} Class members to be excluded from the class action were those "who validly and timely excluded themselves." *Id.* The order provided that a class member who wished to be excluded from the class action was required to submit a written request for exclusion to KCC Class Action Services, L.L.C. *Id.* at *7-8. Further, the court stated that "[a]nyone who [fell] within the Settlement Class definition and [did] not submit a Request for Exclusion in complete accordance with the deadlines and other specifications * * * shall remain a Settlement Class Member and shall be bound by all proceedings, orders, and judgments * * * pertaining to the Settlement Class." *Id.* at *8.

{¶ 8} On August 18, 2015, the federal court approved the settlement agreement between MB USA and the class-action members. *Seifi,* 2015 U.S. Dist. LEXIS 109015, *1 (Aug. 18, 2015). The court concluded that all class members had been given a fair opportunity to participate and to exclude themselves from the settlement. *Id.* at *3. Thus, the federal court ordered that "every Settlement Class Member, except for those excluded from the Settlement Class * * *, shall be bound by the Settlement Agreement and be deemed to release and forever discharge all released Claims and as outlined in * * * the Settlement Agreement." *Seifi,* 2015 WL 12964340, at *5 (Aug. 18, 2015). The Settlement Agreement provided that the class members released and forever discharged MB USA and its affiliated dealerships "from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, regarding or related to the repair or replacement of balance shaft sprockets or idle gears in the Subject Vehicles."

{¶ 9} The court ordered that all class members who did not timely exclude themselves from the action were "barred, enjoined, and restrained from commencing, prosecuting, or asserting any Released Claim against MBUSA or any *other* Released Party." *Id.* The court entered judgment and dismissed the entire class action with prejudice. *Id.*

2. *McAdams's lawsuit in the Franklin County Court of Common Pleas*

{¶ 10} While the *Seifi* class action was pending, on February 23, 2015, McAdams filed a complaint in the Franklin County Court of Common Pleas against MB USA, MB Easton, and Mercedes-Benz of New Rochelle, alleging several claims relating to her issues with the balance-shaft gear and the transmission conductor plate.

{¶ 11} MB USA and MB Easton each filed an answer to McAdams's complaint on April 27, 2015, after the proposed settlement was filed in *Seifi* but prior to final approval of the settlement by the federal district court. MB USA and

4

MB Easton each asserted as an affirmative defense that McAdams's "claims [were] barred, in whole or in part, by the doctrines of waiver and estoppel."

{¶ 12} On August 22, 2016, a year after the judgment in the *Seifi* class action was issued, defense counsel representing both MB USA and MB Easton deposed McAdams. In the deposition, McAdams testified that she was aware of the *Seifi* class action and that she had spoken with counsel for the class. She knew that the *Seifi* action dealt with the balance-shaft-gear issue that she had experienced and admitted that class counsel had invited her to join the class. McAdams also knew that the *Seifi* class action had settled. She explained that joining the class action was not in her best interest due to the additional issue she had with her transmission conductor plate. Defense counsel did not question whether McAdams had opted out of the *Seifi* class-action settlement by following the procedures mandated by the federal court.

{¶ 13} On October 31, 2016, MB USA and MB Easton jointly moved for summary judgment. They alleged that McAdams's claims about the mechanical problems with the balance-shaft gear were foreclosed by the *Seifi* class action. Because McAdams was a class member and she had not opted out of the class under the approved procedure, they argued that McAdams was bound by the *Seifi* class-action settlement and order of the court declaring that each settlement-class member had released MB USA and affiliated dealerships from liability related to the balance-shaft-gear issue.

{¶ 14} McAdams argued that MB USA and MB Easton had waived the res judicata defense and that res judicata was inapplicable because she had effectively opted out of the *Seifi* class-action settlement by filing and maintaining her lawsuit against MB USA and MB Easton.

{¶ 15} The trial court, on February 16, 2017, ruled against McAdams and in favor of MB USA and the other defendants. The trial court determined that MB USA and MB Easton had preserved the res judicata defense by raising estoppel as

an affirmative defense in their answers. The trial court found that McAdams was bound by the *Seifi* class-action settlement and therefore that her balance-shaft-gear claim was barred by res judicata because she had not formally opted out of the class action. The trial court granted summary judgment to MB USA and MB Easton and dismissed McAdams's complaint with prejudice. The trial court also dismissed the complaint as to Mercedes-Benz of New Rochelle due to the lack of evidence presented by McAdams.

### 3. McAdams's appeal to the Tenth District Court of Appeals

{¶ 16} McAdams appealed to the Tenth District Court of Appeals. She argued that MB USA and MB Easton had waived the affirmative defense of res judicata and that she had effectively opted out of the class-action lawsuit.

{¶ 17} The Tenth District Court of Appeals reversed the trial court's decision granting MB USA and MB Easton summary judgment on McAdams's balance-shaft-gear claims. The appellate court agreed that MB USA and MB Easton had preserved the res judicata affirmative defense. However, the court determined that this did not matter because McAdams had effectively opted out of the *Seifi* class-action settlement.

{¶ 18} The appellate court, relying on *Frost v. Household Realty Corp.*, 61 F.Supp.3d 740 (S.D.Ohio 2004), and *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62 (N.D.Cal. 1976), noted that " ' "any reasonable expression of a request for exclusion should serve to relieve a class member from a class suit." ' " 2018-Ohio-4078, 112 N.E.3d 935, ¶ 19, quoting *Frost* at 747, quoting *McCubbrey* at 70. The appellate court determined that even though McAdams had not opted out of the class action through the procedure required by the federal court, her actions were a reasonable expression of her request for exclusion: (1) she had communicated with the class-action counsel that she did not want to be included in the class action, (2) she had sued MB USA and MB Easton prior to the deadline to submit an opt-out notice, (3) she had pursued her case while the *Seifi* class action

6

was ongoing and after it had settled, and (4) she had included in her lawsuit the information that was required to formally opt out of the settlement agreement—her name, address, and telephone number, the VIN number of her car, the dates she owned the car, and a recitation of the issues she had experienced with the vehicle. Because it concluded that McAdams had opted out of the class action, the Tenth District reversed the trial court's judgment granting MB USA and MB Easton summary judgment on McAdams's balance-shaft-gear claims. The court remanded the cause for further proceedings.

### 4. *MB USA's appeal to the Ohio Supreme Court*

{¶ 19} MB USA appealed to this court and asserts two propositions of law:

> (1) An Ohio state court may not usurp a federal court's authority by re-adjudicating the federal court's already finalized class action opt-out decision.

> (2) Ohio should adopt the majority approach requiring compliance with court-mandated opt-out procedures and should reject the Tenth District's approach treating maintenance of a pre-existing lawsuit as an "informal opt-out."

Neither MB Easton nor McAdams appealed to this court. We accepted jurisdiction over both of MB USA's propositions of law. 154 Ohio St.3d 1499, 2019-Ohio-345, 116 N.E.3d 154.

## II. ANALYSIS

{¶ 20} The crux of this case is whether the final judgment in *Seifi*—in which the federal court approved a settlement that defined a class, excluded only those members of the class who opted out through the procedure set forth by the court, and released MB USA and others from the remaining class members' balance-

shaft-gear claims—precludes McAdams's balance-shaft-gear claims against MB USA. We conclude that it does.

## A. Res judicata

{¶ 21} Res judicata involves both claim preclusion and issue preclusion. *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7. A final judgment rendered on the merits by a court of competent jurisdiction serves as a complete bar to any subsequent action on the same issue between the same parties or those in privity with them. *Id.*

{¶ 22} A judicially approved settlement agreement that includes a dismissal of the action with prejudice is considered a final adjudication on the merits, and res judicata will apply to bar any further action on the same issue. *See, e.g., Langton v. Hogan,* 71 F.3d 930, 935 (1st Cir.1995); *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 Fed.Appx. 36, 38 (3d Cir.2008); *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 449 (5th Cir.2016); *Rein v. Providian Financial Corp.*, 270 F.3d 895, 903 (9th Cir.2001); *see also In re Gilbraith*, 32 Ohio St.3d 127, 129, 512 N.E.2d 956 (1987) ("consent judgment operates as *res judicata* with the same force given to a judgment entered on the merits in a fully adversarial proceeding").

{¶ 23} Res judicata also applies to class-action lawsuits. A class member, even an absent class member, is bound by the judgment of the class action, and res judicata bars further litigation by those class members regarding that same cause of action. *In re Kroger Co. Shareholders Litigation*, 70 Ohio App.3d 52, 59, 590 N.E.2d 391 (1st Dist.1990) (a class action represents an exception to the rule that only parties may be bound by a judgment, and when the class action conforms to the requirements of due process, res judicata bars further litigation by class members on the cause of action); *Cooper v. Fed. Res. Bank of Richmond*, 467 U.S. 867, 874, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984) (a judgment in a properly entertained class action is binding on class members in any subsequent litigation); *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir.2012) (an absent class

member cannot escape the res judicata effect of a prior judgment by arguing that there was an error in certifying the class). This court has recognized that absent class members, though passive parties, may intervene in order to protect their individual interests in the action lest they be bound by the class-action judgment. *See Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 694 N.E.2d 442 (1998).

### B. The opt-out issue is precluded by res judicata

{¶ 24} The federal court in *Seifi* determined various issues as to composition of the class and resolved the action. That court defined the class, and the class definition included McAdams: a current owner of a 2005-2007 Mercedes-Benz with an M272 engine that bears an engine serial number within the specified range. *Seifi*, 2015 WL 12964340, at *4. The court also expressly identified the people who had successfully opted out of the class action, naming them in Exhibit A and Exhibit B in the order granting approval of the settlement. *Id*. at *5. The court then determined that those class members who were not excluded "shall be bound" by the settlement agreement and "be deemed to release and forever discharge" all claims outlined in the agreement. *Id.* The court "barred, enjoined, and restrained" those class members "from commencing, prosecuting, or asserting" against MB USA or a related party any claim outlined in the settlement agreement. *Id.* Because the federal court in *Seifi* determined the issues related to class composition, any challenge to the composition of the class by a class member is precluded by res judicata. *See Grava v. Parkman Twp*., 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶ 25} The federal court determined which class members were bound by the settlement agreement—it excluded only those class members who had opted out of the class action by following the mandated opt-out procedure and McAdams was not one of those people. The federal court's judgment bound all nonexcluded class members to the settlement agreement and barred them from bringing the claim outlined in the settlement agreement against MB USA and other related

parties. Therefore, while McAdams's action was pending in the trial court, the federal court determined the issue of whether McAdams was a class member, and it was error for the Tenth District to conduct an analysis related to this issue. The parties do not dispute and the record affirmatively shows that McAdams falls within the *Seifi* class definition. Because McAdams was not excluded from the class action by the federal court that certified the class, the issue whether she opted out is res judicata. And because the issue whether McAdams opted out of the class action is barred by res judicata, we need not address in this case the issue whether this court should adopt a strict or liberal view when determining whether a class member adequately opted out of a class action. What is clear in this case is that a court cannot deem a class member, who was not found by the court maintaining the class action to have opted out, and who has not demonstrated a due-process violation by being included in the class action, as having adequately opted out of the class action. To do so is to ignore the order of a court of competent jurisdiction. And such a determination would serve to "trespass against the principles at the very core of the full faith and credit doctrine" and demean the class-action process, *Fine v. Am. Online, Inc*., 139 Ohio App.3d 133, 142, 743 N.E.2d 416 (9th Dist.2000); *see also Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963) (full faith and credit requires every state to give a judgment at least the res judicata effect that would be accorded in the state that rendered the judgment). For this court to wade into discussing a strict or liberal view of opt-out determinations is unnecessary in this case, as the issue was clearly barred by res judicata.

{¶ 26} We conclude that the Tenth District Court of Appeals erred in analyzing whether McAdams opted out of the class action because that issue had already been determined by the federal court in *Seifi*.

### III. CONCLUSION

{¶ 27} McAdams's claim that she had not opted out of the class action is barred by res judicata, because the federal court had determined who had opted out

in its entry adopting the *Seifi* class-action settlement. Therefore, we reverse the decision of the Tenth District Court of Appeals on McAdams's claim that she did not opt out and reinstate the trial court's judgment granting MB USA summary judgment on McAdams's balance-shaft-gear claim.

{¶ 28} We acknowledge the Tenth District's error also affects the judgment against MB Easton, which did not appeal from the Tenth District's judgment. Generally, a reversal as to an appealing party will not justify reversal as to a nonappealing party unless the respective rights of the appealing party and nonappealing party are so interwoven or dependent on each other as to require a reversal of the whole judgment. *Wigton v. Lavender*, 9 Ohio St.3d 40, 457 N.E.2d 1172 (1984), syllabus. Thus, because MB Easton did not appeal, we leave the Tenth District's judgment as to that party undisturbed.

Judgment reversed.

O'CONNOR, C.J., and KENNEDY, SHEEHAN, DEWINE, and STEWART, JJ., concur.

DONNELLY, J., concurs in judgment only.

MICHELLE J. SHEEHAN, J., of the Eighth District Court of Appeals, sitting for FRENCH, J.

—————————

Luper, Neidenthal & Logan, Gregory H. Melick, and Matthew T. Anderson, for appellee.

Benesch, Friedlander, Coplan & Aronoff, L.L.P., Jennifer M. Turk, Michael J. Meyer, and Gregory T. Frohman; and Squire Patton Boggs, L.L.P., Troy M. Yoshino, and David M. Rice, for appellant.

—————————