

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# Toscano v. CT Gen Life Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1629

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Toscano v. CT Gen Life Ins" (2008). *2008 Decisions*. Paper 779.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/779

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1629
_____

LOUIS PAUL TOSCANO,

Appellant

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
also known as CIGNA

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. No. 05-cv-04833
(Honorable Garrett E. Brown, Jr.)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2008

Before: McKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 30, 2008)
_____

OPINION
_____

PER CURIAM

Louis Paul Toscano appeals, pro se, from an order of the district court dismissing

his complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that

follow, we will affirm.

I.

On July 6, 2001, Toscano commenced a suit against Connecticut General Life Insurance Company ("CGLIC") in the Superior Court of New Jersey in which he alleged that CGLIC wrongfully terminated his disability benefits. Toscano sought an order reinstating those benefits under the terms of a group long-term disability insurance policy issued by CGLIC to AT&T (his former employer). The matter was removed to the United States District Court for the District of New Jersey and was resolved by a settlement agreement and general release executed by the parties on January 8, 2002. The agreement provided, in part, that commencing on January 1, 2002, CGLIC would reinstate monthly long-term disability benefit payments to Toscano.[1] CGLIC continues to make these payments. The district court entered a stipulation of dismissal with prejudice on January 23, 2002.

Dissatisfied with this—allegedly pyrrhic—victory, Toscano filed the instant action on October 5, 2005. In the instant complaint, Toscano challenges appellee's involvement in his departure, and his subsequent assignment to long-term disability benefits, by AT&T in 1992. He further claims that conditions placed on the receipt of his long-term disability benefit payments by CGLIC prevented him from obtaining employment and that CGLIC assisted AT&T in wrongfully terminating him. On October 6, 2006, CGLIC

---

[1] CGLIC also made a separate payment of $1,000 to Toscano.

moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that it was barred by the doctrine of res judicata because the claims asserted were identical to those resolved previously by the settlement agreement. The district court agreed with CGLIC, noting that Toscano's claim was barred by claim preclusion, and granted CGLIC's motion to dismiss on February 16, 2007. Toscano filed a timely appeal.

## II.

Our review of a district court's decision to grant a motion to dismiss is plenary. See Gen. Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 325 (3d Cir. 2001). When considering a motion to dismiss pursuant to Rule 12(b)(6), we must view all facts, and reasonable inferences based on those facts, in the light most favorable to the non-moving party. See id. Generally, "[t]o the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." Anjelino v. N.Y. Times Co., 200 F.3d 73, 88 (3d Cir. 1999). The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. Cf. Connelly Found. v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972) (res judicata may be raised in motion to dismiss prior to answer). Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

"The party seeking to take advantage of claim preclusion has the burden of establishing it." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 158 (3d Cir. 2001).

## III.

We will affirm for substantially the same reasons set forth in the district court's opinion. Claim preclusion prevents claims between the same parties from being litigated anew after a final judgment has been entered in a previous suit.[2] See Semtek Int'l v. Lockheed Martin Corp., 531 U.S. 497, 502 (2001). The plaintiff is required to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." Lubrizol Corp., 929 F.2d at 963. "[A] somewhat modified form of res judicata" applies if a settlement agreement triggers a dismissal and a defendant's consequent discharge. Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1291 (11th Cir. 2004); see also Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1557 (3d Cir. 1994) (holding that a class action settlement is "not simply a contract entered into by private parties, but is one that has been given a stamp of approval by the court"). The express terms of a settlement agreement, not merely the terms of the judgment, determine the bounds of preclusion after a settlement. See Norfolk S. Corp., 371 F.3d at 1291 (holding that "to preclude a wider range of matters than those specified in the Agreement

---

[2] "Claim preclusion and issue preclusion are the currently accepted terms for two different applications of the doctrine of res judicata." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 961 n.1 (3d Cir. 1991). Settlement agreements involve claim preclusion, not issue preclusion. See United States v. Int'l Bldg. Co., 345 U.S. 502, 505-06 (1953).

would frustrate the parties' expressed intent and bestow upon [the defendant] a windfall of immunity from litigation"). Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion. See, e.g., Langton v. Hogan, 71 F.3d 930, 935 (1st Cir. 1995). Additionally, the identity of the cause of action refers not only to claims actually litigated, but to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events.[3] See Lubrizol, 929 F.2d at 964.

The district court correctly dismissed Toscano's instant complaint on the basis of claim preclusion. First, the parties here are plainly the same parties to the previous action. Cf. Bandai Am. Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 74 -75 (3d Cir. 1985). Second, as the district court properly concluded, a close examination of both the settlement agreement and the complaint here reveals that the factual underpinnings, the

---

[3] In United States v. Athlone Industries, Inc., 746 F.2d 977 (3d Cir. 1984), this court articulated a multi-factor test to aid in the determination of whether two causes of action are identical for res judicata purposes:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

Id. at 984 (citations and alterations omitted); see also In re Eastern Minerals & Chemicals Co. v. Mahan, 225 F.3d 330, 337-38 (3d Cir. 2000).

theory of the action, and the relief sought, are nearly identical to those issues previously resolved. Toscano again contests his disability status and his receipt of disability benefits. The action at issue is premised upon the same "cause of action" as the prior suit between the parties, which led to them coming to the terms of the agreement between them, and the instant matter is thus barred by claim preclusion.

IV.

Appellant's complaint was properly dismissed and we will affirm the judgment of the district court.