[Cite as *Aviation Publishing Corp. v. Morgan*, 2018-Ohio-3224.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| AVIATION PUBLISHING CORPORATION, et al., | : | |
| | : | CASE NO. CA2017-12-169 |
| Plaintiffs-Appellants, | : | O P I N I O N |
| | : | 8/13/2018 |
| - vs - | : | |
| | : | |
| MARK MORGAN, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CV88935


Dickie, McCamey & Chilcote, P.C., Megan H. Kleinman, Joseph J. Golian, 250 Civic Center, Suite 280, Columbus, OH 43215, for plaintiffs-appellants

Scott G. Oxley Co., LPA, Scott G. Oxley, 325 North Main Street, Suite 204, Springboro, OH 45066, for defendant-appellee


**S. POWELL, P.J.**

{¶ 1} Plaintiffs-appellants, Michael Higgins and Aviation Publishing Corporation (APC), appeal from the decision of the Warren County Court of Common Pleas, which denied their attempt to domesticate a California judgment against defendant-appellee, Mark Morgan. For the reasons discussed below, this court affirms the decision of the lower court.

{¶ 2} Higgins, a California resident, is the sole shareholder of APC, a Nevada corporation. APC owned and published "Flying Adventures" a "lifestyle" magazine for private aircraft owners. Mark Morgan is a resident of Warren County, Ohio. Morgan, a pilot, had various careers in the aviation industry.

{¶ 3} Morgan met Higgins and, in 2012, the two began discussing the potential of Morgan purchasing Flying Adventures. Ultimately, these discussions led to the execution of a written agreement, in which Morgan agreed to manage the business aspects of the magazine while Higgins would limit his involvement to producing some content and photography. The parties agreed to an equal split of profits and granted Morgan the right to buy the magazine from Higgins and APC with future profits. A section in the agreement addressed breach scenarios and provided that if Morgan breached and failed to cure, Morgan would owe Higgins $50,000 in liquidated damages. The agreement further contained a forum-selection clause, which provided:

> **28. DISPUTES**
> Any dispute arising under the Agreement that is not disposed of by Agreement of the parties shall be decided by the Pasadena, California Small Claims Court or by binding arbitration. The place of any arbitration or court hearing shall be Pasadena, California. Nothing in this clause shall prevent a party from seeking, in any court of competent jurisdiction, any equitable relief pending settlement of any final decision.

{¶ 4} Morgan began operating the magazine in 2013. He hired sales consultants located in New Jersey, New York, Texas, and Ohio to sell advertising space. However, neither Morgan nor the consultants sold any advertisements. In the interim, Morgan learned that Flying Adventures was not as successful as Higgins had represented. Higgins allegedly provided Morgan with a "current" CPA audit of the magazine, demonstrating the magazine's financial strength and readership. However, the audit was 16 years old and inaccurate.

{¶ 5} Morgan ceased all involvement with the magazine. Higgins and APC later sued Morgan in the Superior Court of California, County of Los Angeles. The suit alleged a single claim of breach of contract and sought contractual damages in the amount of $50,000. Higgins and APC perfected service on Morgan through a local Ohio process server. Morgan did not appear or defend against the California suit. Thus, the Superior Court of California, County of Los Angeles, issued a default judgment in favor of Higgins and against Morgan in the amount of $50,000 plus accrued interest and costs, for a total judgment of $60,844.15.

{¶ 6} Higgins and APC then filed the California judgment with the Warren County Common Pleas Court Clerk. Morgan moved to vacate the judgment. Morgan argued that the judgment should not be domesticated or was void because (1) Higgins and APC failed to file an authenticated copy of the judgment as required by the Ohio foreign judgment domestication statute, (2) the California court lacked personal and subject-matter jurisdiction, (3) Higgins and APC failed to properly serve him, and (4) Higgins induced him to enter into the agreement through fraudulent misrepresentation.

{¶ 7} Both sides filed sundry memoranda, affidavits, and documents relating to these issues. The court held an evidentiary hearing where the issues were limited to whether the California court had personal jurisdiction over Morgan and whether Higgins and APC properly served Morgan. Following the hearing, the magistrate issued an entry announcing that the court intended to take judicial notice of certain facts concerning the court system in Los Angeles County, California, including that small claims cases were not heard at the courthouse located in Pasadena. The entry indicated that if the parties wished to be heard concerning the propriety of taking judicial notice of these facts, then the parties should request a hearing within 14 days. Neither side requested a hearing or otherwise objected.

{¶ 8}  Later, the magistrate issued a decision recommending that the court reject Higgins and APC's attempt to domesticate the California judgment.  The magistrate concluded that Morgan did not have sufficient contacts with California for the California court to exercise personal jurisdiction, that the forum-selection clause of the agreement was deficient because it identified a non-existent California court, and the forum-selection clause, standing alone, did not confer personal jurisdiction.

{¶ 9}  The magistrate's decision contained the standard Civ.R. 53 language warning the parties of the consequences of failing to object to the magistrate's decision. Nonetheless, Higgins and APC did not object to the magistrate's decision and the court later adopted the decision.  Higgins and APC raise two assignments of error in this appeal.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT COMMITTED PLAIN ERROR/AN OBVIOUS ERROR OF LAW BY ADOPTING THE MAGISTRATE'S DETERMINATION THAT CALIFORNIA DID NOT HAVE PERSONAL JURISDICTION OVER MORGAN PURSUANT TO THE MANDATORY FORUM SELECTION CLAUSE.

{¶ 12} Higgins and APC argue that the court plainly erred by failing to conclude that the California court had personal jurisdiction over Morgan given the forum-selection clause. Higgins and APC failed to object to the magistrate's decision and therefore this court's review is "extremely deferential" to the trial court.  *Capano & Assocs., L.L.C. v. On Assignment, Inc.*, 12th Dist. Butler No. CA2015-08-153, 2016-Ohio-998, ¶ 13. Civ.R 53(D)(3)(b)(iv) provides:

> [e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

The Ohio Supreme Court has articulated the civil plain error standard as follows:

- 4 -

> [R]eviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those *extremely rare* cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

(Emphasis added.)  *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).  Thus, "for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) that the error affected the basic fairness, integrity, or public reputation of the judicial process, and therefore challenged the legitimacy of the underlying judicial process."  *State v. Morgan*, Slip Opinion No. 2017-Ohio-7565, ¶ 30, citing *Goldfuss* at the syllabus.

{¶ 13} Generally, a judgment of a court of record of a sister state is entitled to full faith and credit in the courts of this state.  Section 1, Article IV, United States Constitution; *Bishopp v. Dryvit Sys. Inc.*, 12th Dist. Warren No CA2006-05-063, 2007-Ohio-917, ¶ 13.  "A judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the sister state's internal law, and under that law the judgment is void * * *."  *Litsinger Sign Co. v. American Sign Co.*, 11 Ohio St.2d 1 (1967), paragraph one of the syllabus.  The procedural law of the state where the original judgment was rendered governs the issue of personal jurisdiction.  *Hawkins v. Integrity House, Inc.*, 11th Dist. Lake No. 2008-L-120, 2009-Ohio-5893, ¶ 24, citing *Valley Imports, Inc. v. Simonetti*, 11th Dist. Lake No. 90-L-14-080, 1991 Ohio App. LEXIS 1052 (Mar. 15, 1991).

{¶ 14} This court does not find any obvious deviations from the law in the magistrate's decision with respect to the effect of the forum-selection clause.  The magistrate properly considered California procedural law in analyzing the issue.  The decision noted that California courts ordinarily give effect to forum-selection clauses unless

to do so would be unreasonable or unfair. However, the magistrate concluded that the forum-selection clause identified a non-existent court and did not identify the Superior Court of California, County of Los Angeles. Stated otherwise, the magistrate found that Morgan did not contractually submit to the personal jurisdiction of the Superior Court by expressly agreeing to resolve disputes in the "Pasadena, California Small Claims Court." This analysis does not appear facially erroneous and there is nothing that rises to the "extremely rare" level of plain error. This court also finds no plain error with respect to the magistrate's taking of judicial notice with respect to the court system in California. The magistrate took judicial notice that there were no small claims actions heard at the courthouse in Pasadena and then provided the parties with 14 days to dispute this fact, which neither did.

{¶ 15} Higgins and APC argue that the magistrate should have interpreted the language of the written agreement in such a way as to find that Morgan submitted to the personal jurisdiction of the California court. Alternatively, appellants contend that the court could and should have reformed the contract to allow for personal jurisdiction in the Superior Court. Finally, Higgins and APC argue that the magistrate failed to follow and apply California law that favors honoring forum-selection clauses. Higgins and APC could have raised the same arguments through objections to the magistrate's decision. While it is conceivable that these arguments may have persuaded the trial court to resolve the case differently than the magistrate, they do not establish that the magistrate's decision was plainly erroneous for the reasons already articulated. Accordingly, this court overrules Higgin and APC's first assignment of error.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT COMMITTED PLAIN ERROR/AN OBVIOUS ERROR OF LAW BY ADOPTING THE MAGISTRATE'S DETERMINATION THAT THE EXERCISE OF PERSONAL JURISDICTION BY THE LOS ANGELES SUPERIOR COURT DID NOT

COMPLY WITH THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

{¶ 18} Higgins and APC argue that the court plainly erred in concluding that Morgan lacked sufficient contacts with California to allow the Superior Court of California to exercise personal jurisdiction. A foreign judgment may be collaterally attacked if the foreign court's exercise of personal jurisdiction was either not authorized by the foreign court's internal law or if the assertion of jurisdiction violated the due process clause of the Fourteenth Amendment. *Wood v. Fliehman*, 12th Dist. Preble No. CA2010-09-012, 2011-Ohio-2101, ¶ 9.

{¶ 19} "When a court's personal jurisdiction is properly challenged, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Rita Ann Distrib. v. Brown Drug Co.*, 164 Ohio App.3d 145, 2005-Ohio-5786, ¶13 (2d Dist.), quoting *Combs v. Bakker*, 886 F.2d 673 (4th Cir.1989). Normally, this court would review the trial court's ruling granting a motion to dismiss or vacate for lack of personal jurisdiction pursuant to a de novo standard of review. *Buflod v. Von Wilhendorf, L.L.C.*, 12th Dist. Warren No. CA2006-02-022, 2007-Ohio-347, ¶10. However, as discussed previously, this court is limited to a review for plain error.

{¶ 20} The due process clause of the Fourteenth Amendment requires that a non-resident defendant have sufficient minimum contacts with the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472, 105 S.Ct. 2174 (1985); *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 926 P.2d 1085 (1996). Minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King* at 475. Jurisdiction is proper where the

contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state such that he could reasonably anticipate being hailed into court there. Random, fortuitous, or attenuated contacts are not sufficient to establish minimum contacts with the forum state. *Id.*

{¶ 21} To determine whether a non-resident defendant has made sufficient minimum contacts with California, the United States Court of Appeals for the Ninth Circuit set forth the following three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.2004).[1]

{¶ 22} This court finds no obvious legal error in the magistrate's minimum contacts analysis. The magistrate reviewed California's long arm statute, Cal.Code Civ.P. 410.10, and noted that it was co-extensive with federal due process requirements and, applying federal law, undertook an analysis of Morgan's contacts with California. The magistrate found that: APC was a Nevada corporation with a post office box in Pasadena; Higgins was a California resident; Morgan was a life-long Ohio resident and had never conducted any business in California with connection to the magazine, whether in person or remotely; the sales agents Morgan employed all worked outside California; and Morgan derived no pecuniary benefits from California in the scope of his work. The magistrate found that the

---

1. California's long-arm statute is co-extensive with federal due process requirements and the jurisdictional analysis is the same under both state and federal law. *Schwarzenegger* at 800-801.

only factor indicating a "purposeful availment" of conducting business in California was the forum-selection clause indicating a choice of California law. However, that factor, alone, was not sufficient to confer personal jurisdiction. Thus, the magistrate's decision followed appropriate law, applied it to relevant facts, and does not indicate any obvious legal error.

{¶ 23} Higgins and APC argue that the magistrate failed to consider the effect of a similar California Supreme Court case where the court found personal jurisdiction over non-resident defendants. They further contend that the court did not consider certain facts that would indicate Morgan's purposeful availment of transacting business in California, i.e., phone and e-mail communications between Morgan and Higgins and Morgan's knowledge that Higgins resided in California. These arguments would be more appropriate in a review de novo, but not when this court's standard of review is plain error. In any event, the arguments do not demonstrate an obvious deviation from the law in the magistrate's decision for the reasons set forth previously. Accordingly, this court overrules Higgins and APC's second assignment of error.

Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.