[Cite as *In re P.L.H.*, 2018-Ohio-3853.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| P.L.H. | : | CASE NO. CA2018-01-009 |
| | : | O P I N I O N<br>9/24/2018 |
| | : | |
| | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS2017-0509


Stagnaro Hannigan Koop Co., LPA, Michaela M. Stagnaro, 30 Garfield Place, Suite 760, Cincinnati, Ohio 45202, for appellant, C.W.

Ginn Law Office, LLC, Barbara Thornell Ginn, 8595 Beechmont Avenue, Suite 103, Cincinnati, Ohio 45255, for appellee, S.C.


**PIPER, J.**

{¶ 1} Plaintiff-appellant, the putative father of P.L.H. ("Father"), appeals from the decision of the Butler County Court of Common Pleas, Juvenile Division, dismissing his parentage complaint, custody motion, and request for relief pursuant to Civ.R. 60(B).

{¶ 2} Defendant-appellee, ("Mother"), and Father have never been married to one another. P.L.H. was conceived in Louisiana and Mother gave birth to the child on November 3, 2015 in Butler County, Ohio. Mother resided in Florida during a portion of the pregnancy

and currently resides there, while Father presently resides in Michigan. The day after giving birth to P.L.H., Mother filed an application in the Butler County Probate Court to place P.L.H. for adoption with K.H. and P.H. ("adoptive parents") in Tennessee. On Nov. 6, 2015, the probate court approved the placement application. P.L.H. has resided with the adoptive parents in Tennessee since the approval of this application. On the same day, the adoptive parents filed a petition for adoption with the probate court.

{¶ 3} On December 3, 2015, Father filed a complaint in the Butler County Juvenile Court to establish parentage and moved for temporary custody. The juvenile court dismissed Father's complaint and motions due to the pendency of the adoption proceedings. Father did not appeal the dismissal.

{¶ 4} The adoption proceeded in the probate court with Father opposing the petition. On August 12, 2016, the probate court found that Father's consent to the adoption was not required and granted the adoption. Father appealed this decision and we affirmed. *In re Adoption of P.L.H.*, 12th Dist. Butler No. CA2016-09-185, 2016-Ohio-8453. The Ohio Supreme Court accepted review and reversed our judgment on July 18, 2017. *In re Adoption of P.L.H.*, 151 Ohio St.3d 554, 2017-Ohio-5824. The Ohio Supreme Court remanded the matter to the probate court and directed it to vacate the order granting the adoption and dismiss the adoption petition.

{¶ 5} On July 21, 2017, Father filed a second parentage complaint and moved for sole legal custody in the Butler County Juvenile Court. At this time, the probate court had not yet carried out the directives of the Ohio Supreme Court. Therefore, Father also moved to stay the juvenile court proceedings until the probate court vacated the adoption and dismissed the adoption petition. Father captioned his 2017 filings under the 2015 case number from his original parentage complaint. However, the clerk of courts struck the case number and assigned Father's filings a 2017 case number. The adoption remained pending

- 2 -

in the probate court at this time. On July 25, 2017, Mother filed a notice of voluntary dismissal of her consent to the adoption with the probate court. On the same day, the adoptive parents filed a notice of voluntary dismissal of their adoption petition with the probate court and filed a termination of parental rights action in Hillsborough County, Florida. The Butler County Juvenile Court and the Florida court held a telephone conference pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and the Florida court accepted jurisdiction.

{¶ 6} On August 22, 2017, the probate court issued an order dismissing the adoption petition. Shortly thereafter, Mother moved to dismiss Father's juvenile court filings for lack of jurisdiction. The juvenile court directed Father to file a memorandum in support of jurisdiction. In his memorandum, Father raised a claim that he was entitled to Civ.R. 60(B) relief from the dismissal of his original parentage complaint and motions. Following a hearing, a magistrate found the juvenile court did not have jurisdiction over the matter and that Father could not substitute a Civ.R. 60(B) request for relief for an appeal of the dismissal of his 2015 filings. Father did not object to the magistrate's decision and the juvenile court adopted the decision as an order of the court.

{¶ 7} Father appealed the juvenile court order. Mother moved to dismiss the appeal because Father failed to object to the magistrate's decision. We denied Mother's motion to dismiss and noted that because Father did not file objections to the magistrate's decision, Father could not contest the juvenile court's factual findings.

{¶ 8} Father's sole Assignment of Error:

{¶ 9} THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT/FATHER'S MOTIONS TO ESTABLISH PATERNITY AND CUSTODY OF THE MINOR CHILD, P.L.H.

{¶ 10} Father argues the juvenile court committed plain error by summarily dismissing

- 3 -

his Civ.R. 60(B) request for relief from judgment. Father further argues the juvenile court erred by finding it lacked jurisdiction and dismissing his complaint and custody motion.

{¶ 11} We generally review a trial court's decision regarding a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Foppe v. Foppe*, 12th Dist. Warren No. CA2010-06-056, 2011-Ohio-49, ¶ 26. However, Father failed to object to the magistrate's decision. Therefore, we review Father's assignment of error for plain error. *Aviation Publishing Corp. v. Morgan*, 12th Dist. Warren No. CA2017-12-169, 2018-Ohio-3224, ¶ 12. Juv.R 40(D)(3)(b)(iv) provides:

> [e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

The Ohio Supreme Court has articulated the civil plain error standard as follows:

> reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

*Goldfuss v. Davidson*, 79 Ohio St. 3d 116, 121 (1997). Thus, "for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) that the error affected the basic fairness, integrity, or public reputation of the judicial process, and therefore challenged the legitimacy of the underlying judicial process." *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 30, citing *Goldfuss* at the syllabus.

{¶ 12} As an initial matter, Mother contends Father failed to file a proper Civ.R. 60(B) motion for relief from judgment. Mother contends Father's request did not adhere to the motion requirements as set forth in Civ.R. 7(B) and Civ.R. 60(B) because it was included in

his jurisdictional memorandum, rather than making such request in a formal motion. Additionally, Mother asserts Father's request failed to enumerate conspicuously the grounds for relief being sought, to state operative facts with specificity, and to provide a meritorious claim or defense. Mother also argues the request was untimely and an attempt to substitute for a timely appeal.

{¶ 13} "A Civ.R. 60(B) motion must comply with the requirements for all motions as set forth in Civ.R. 7(B); that is, the motion must be accompanied by a memorandum of facts and law, as well as evidentiary materials containing operative facts." (Citation omitted.) *Whittle v. Davis*, 12th Dist. Butler No. CA2013-08-153, 2014-Ohio-445, ¶ 21. While Father did not formally move for relief from judgment pursuant to Civ.R. 60(B), courts have construed other filings as Civ.R. 60(B) motions where the filing is "in substance" a Civ.R. 60(B) motion. *See, e.g.*, *Anthony v. Cent. Ohio Transit Auth.*, 10th Dist. Franklin No. 88AP-182, 1988 Ohio App. LEXIS 3964, *6-7 (Sept. 29, 1988) (construing a motion for reconsideration as a Civ.R. 60[B] motion where it was "in substance" a Civ.R. 60[B] motion for relief from judgment); *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 22 (assuming arguendo that a memorandum qualified as a motion to dismiss).

{¶ 14} Father's memorandum on jurisdiction conspicuously labeled the section requesting Civ.R. 60(B) relief. The request asserted the reasons Father believed he had a meritorious claim, grounds for relief pursuant to Civ.R. 60(B)(4) and (5), and that the request was brought within a reasonable time. It asserted law and facts that Father alleged supported his request for relief. Additionally, Mother had an opportunity to respond and moved to vacate Father's request for relief. Therefore, we assume arguendo Father's memorandum qualified as a Civ.R. 60(B) motion.

{¶ 15} Civ.R. 60(B) provides, in pertinent part, that

[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * *.

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St. 2d 146 (1976), paragraph two of the syllabus. Failing to meet any one of these three factors is fatal, for all three must be satisfied in order to gain relief. *First Fin. Bank, N.A. v. Grimes*, 12th Dist. Butler No. CA2010-10-268, 2011-Ohio-3907, ¶ 14.

{¶ 16} Father argues he presented a meritorious claim for relief from judgment because he has a fundamental interest in the care and custody of his child, which he may protect by establishing paternity and through an award of custody. The judgment from which Father requests relief is the juvenile court's dismissal of his 2015 filings for parentage and custody. Father contends the juvenile court dismissed his 2015 filings because of the pending adoption proceeding in the probate court. As stated above, in 2017, the Ohio Supreme Court reversed our judgment and ordered the probate court to vacate the adoption and dismiss the petition. The probate court carried out these directives. Therefore, Father argues he is entitled to relief from the dismissal of his 2015 filings pursuant to Civ.R.

60(B)(4), as the prior judgment it was based on was vacated.

{¶ 17} The magistrate did not rule upon the merits of Father's request for Civ.R. 60(B) relief. Rather, the magistrate refused to consider the matter and found that Father neither filed objections to the magistrate's dismissal of his 2015 filings nor appealed said dismissal. The magistrate opined that "had [Father] appealed that order, he may have been able to secure a stay of those proceedings pending the outcome of the adoption case thus preserving his claim of jurisdiction, at least on issues of paternity." The magistrate further found that Father could not use his request for Civ.R. 60(B) relief as a substitute for appeal.

{¶ 18} While the Ohio Supreme Court has held that it is a fundamental proposition that a Civ.R. 60(B) cannot serve as a substitute for appeal, we find the magistrate erred in finding that Father's request for relief was being used in this regard. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 130-31 (1986). We have previously held that a Civ.R. 60(B) motion did not constitute a substitute for appeal where the arguments raised did not concern the merits of the case and could not have been raised on appeal. *See Learning Tree Academy, LTD v. Holeyfield*, 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, ¶ 20, citing *State v. Potts*, 7th Dist. Jefferson No. 05-JE-14, 2006-Ohio-7057, ¶ 34.

{¶ 19} The juvenile court's dismissal of the 2015 filings occurred in January 2016 and was based on the pending adoption proceedings in the probate court. In July 2017, the Ohio Supreme Court issued its opinion ordering vacation of the adoption and directing the dismissal of the adoption petition. *In re Adoption of P.L.H.*, 151 Ohio St.3d 554, 2017-Ohio-5824. Father relied on the 2017 opinion in asserting his grounds for Civ.R. 60(B) relief, which could not have been raised in an appeal from the January 2016 dismissal, as the Ohio Supreme Court had not yet issued its opinion. Therefore, the basis for his request for Civ.R. 60(B) relief did not concern the merits of the case and could not have been raised on appeal. Accordingly, we will address the arguments in Father's Civ.R. 60(B) request for relief for plain

error.

**{¶ 20}** After a thorough review of the relevant issues, we find the juvenile court did not commit plain error by dismissing Father's 2017 filings and his request for Civ.R. 60(B) relief contained in his jurisdictional memorandum.

**{¶ 21}** Civ.R. 60(B)(4) provides that:

> [o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding [if] * * * the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

**{¶ 22}** Father contends the juvenile court based its dismissal of his 2015 filings on a prior judgment upon which has been reversed or otherwise vacated. Father asserts the adoption served as the prior judgment, which the Ohio Supreme Court later vacated; therefore, he satisfies the requirements of Civ.R. 60(B)(4). However, the juvenile court dismissed Father's 2015 filings in January 2016. The probate court did not grant the adoption until August 2016. Therefore, the adoption proceedings were still pending and the juvenile court did not base its dismissal of Father's 2015 filings on the adoption judgment. Thus, Father fails to demonstrate that he met the requirements of Civ.R. 60(B)(4).

**{¶ 23}** We are likewise unconvinced by Father's arguments pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) provides a court may relieve a party from judgment for "any other reason justifying relief." Civ.R. 60(B)(5) "is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983).

**{¶ 24}** Father contends Civ.R. 60(B)(5) applies to this case because it will permit him to vindicate his fundamental right to the care and custody of his child, and to find otherwise,

would seriously affect the basic fairness, integrity, and reputation of the judicial process. However, Father fails to present substantial grounds to invoke said provision. "[I]t is well-established that the 'other reason' clause of Civ.R. 60(B) will not protect a party who ignores its duty to protect its interest." *Aurora Loan Servs. v. Brown*, 12th Dist. Warren Nos. CA2010-01-010 and CA2010-05-041, 2010-Ohio-5426, ¶ 39. As discussed below, Father failed to preserve the juvenile court's jurisdiction over the matter by not appealing the juvenile court's dismissal of his 2015 filings. Civ.R. 60(B)(5) cannot serve as a basis to absolve this failure. Therefore, Father fails to demonstrate that he has met the requirements for relief pursuant to Civ.R. 60(B)(4) and (5).

{¶ 25} Father asserts that the juvenile court had subject matter jurisdiction in 2015 over his original parentage complaint and custody motions, which the juvenile court dismissed in 2016. Father further argues the juvenile court has jurisdiction to consider his second parentage complaint and custody motion because his 2017 filings relate back to his 2015 filings due to his Civ.R. 60(B) motion for relief from judgment. Therefore, Father implicitly concedes that the juvenile court does not have jurisdiction to consider his 2017 filings unless the judgment dismissing his 2015 filings is vacated via his request for Civ.R. 60(B) relief.

{¶ 26} We determined above that Father failed to demonstrate grounds for relief pursuant to Civ.R. 60(B); therefore, Father implicitly concedes the juvenile court does not have jurisdiction over his 2017 filings. Nonetheless, aside from Father's concession, this case does not present circumstances supporting a finding that the juvenile court's determinations seriously affected the basic fairness, integrity, and reputation of the judicial process. Father chose to file his second parentage complaint in Ohio, where P.L.H. does not reside, Mother has not resided for more than one year, and Father has not resided for more than four years. Additionally, as mentioned above, the juvenile court held a UCCJEA

- 9 -

conference wherein a Florida court accepted jurisdiction over the matter. Therefore, Father will have an opportunity to pursue his parentage action and custody motion in a court of competent jurisdiction.

{¶ 27} Accordingly, we find Father failed to demonstrate he was entitled to relief pursuant to one of the grounds stated in Civ.R. 60(B)(1) thru (5). Additionally, the juvenile court did not err in finding it did not have jurisdiction over the matter. Therefore, the juvenile court did not commit plain error in dismissing Father's 2017 filings and his request for Civ.R. 60(B) relief.

{¶ 28} Father's sole assignment of error is overruled, and the judgment of the juvenile court is affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.