[Cite as *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 2014-Ohio-1343.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE ex rel. ROBERT MERRILL, TRUSTEE, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | **CASE NO. 2012-L-113** |
| | : | |
| HOMER S. TAFT, et al., | : | |
| Intervening Plaintiffs-Appellees, | : | |
| - vs - | : | |
| | : | |
| STATE OF OHIO, DEPARTMENT OF NATURAL RESOURCES, et al., | : | |
| Defendants-Appellants, | : | |
| NATIONAL WILDLIFE FEDERATION, et al., | : | |
| | : | |
| Intervening Defendants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 04 CV 001080.

Judgment: Affirmed.

*James F. Lang*, *Fritz E. Berckmueller*, and *Lindsey E. Sacher*, Calfee, Halter & Griswold, L.L.P., The Calfee Building, 1405 East Sixth Street, Cleveland, OH 44114 (For Plaintiffs-Appellees).

*Homer S. Taft, Esq.*, pro se, 20220 Center Ridge Road, Suite 300, P.O. Box 16216, Rocky River, OH 44116 (Intervening Plaintiff-Appellee).

*L. Scot Duncan*, 1530 Willow Drive, Sandusky, OH 44870 (For Intervening Plaintiffs-Appellees L. Scot Duncan and Darla J. Duncan).

*Mike DeWine*, Ohio Attorney General; and Randall W. Knutti, *Christopher P. Conomy*, and *Nicole Candelora-Norman*, Assistant Attorneys General, 2045 Morse Road, Building D-2, Columbus, OH 43229 (For Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, the state of Ohio and the state of Ohio Department of Natural Resources ("ODNR"), appeal from the trial court's August 27, 2012 judgment entry. In that judgment, the trial court issued an "Order: (1) Establishing the Natural Shoreline; (2) Granting Additional Relief on Count I; (3) Extending Class Certification to Count II; and (4) Declaring Prevailing Party." Pursuant to this court's entry of March 18, 2013, the instant appeal relates only to class certification issues. Based on the following, we affirm the trial court's order granting class certification as to Count II. We decline, however, to address appellant's remaining assignments of error for want of jurisdiction.

{¶2} For a complete factual history of this case, see *State ex rel. Merrill v. Ohio Dept. Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612. In June 2006, pursuant to a joint stipulation of all parties in *Merrill*, the trial court certified a class action as to the declaratory-judgment count ("Count I") of the *Merrill* complaint, with the class consisting of owners of Ohio property bordering Lake Erie. Specifically, the court identified the class as the following:

> [A]ll persons, as defined in R.C. 1506.01(D), excepting the State of Ohio and any state agency as defined in R.C. 1.60, who are owners of littoral property bordering Lake Erie (including Sandusky Bay and other estuaries previously determined to be a part of Lake Erie under Ohio law) within the territorial boundaries of the State of Ohio.

The court stayed the mandamus claims ("Count II") pending resolution of the declaratory-judgment claim.

{¶3} After remand from the Ohio Supreme Court, the trial court, inter alia, issued an Order to Brief Class Issues, which directed the parties to file briefs relating to

2

the certification of a class for Counts II and/or Count III.[1]  The trial court issued an order relating to various issues, including a determination that class certification should be extended to the issues claimed in Count II.

{¶4}  From that order, the state filed a notice of appeal.  This court issued an order directing that the instant appeal proceed only on the following issues:

> The portion of the trial court's order extending class certification to Count II is a final order pursuant to R.C. 2505.02(B)(5), including whether 'additional' members who have claims or issues concerning submerged land leases have been properly included. Additionally, the portion of the trial court's order that appellants contend includes 'additional' certified members to Count I is also a final, appealable order.

{¶5}  On appeal, appellants assert the following assignments of error:

> [1.] The Trial Court erred and abused its discretion in determining that this action may be maintained as a class action for Count II of the Amended Complaint.

> [2.] The Trial Court erred and abused its discretion in certifying a class and ordering relief in regards to the validity of submerged-land leases and claims for the return of payments made under those leases.

> [3.] The Trial Court erred and abused its discretion in determining that Plaintiff/Appellee Ohio Lakefront Group is a prevailing party for the purpose of its application for attorney fees under R.C. 2335.39.

> [4.] The Trial Court erred and abused its discretion in determining the location of the boundary of the territory of Lake Erie held in trust by the State of Ohio.

As this appeal is limited to issues related only to class certification, we need not address appellants' third and fourth assignments of error.

{¶6}  Further, our review of the second assignment of error reveals that it is beyond the scope of this court's jurisdiction due to lack of a final, appealable order.

---

1.  Count III is now moot.

3

Under the second assignment of error, appellants appear to assert that the trial court, in ordering that "ODNR shall return all submerged land lease fees between [ordinary high water mark] and the natural shoreline paid between 1998 and the present," implicitly certified an additional class. The record does not support this position. As stated below, the trial court ordered class certification for Count II. By granting relief under Count I in the form of the disgorgement of collected "submerged land lease fees," it was providing the plaintiffs with an equitable remedy that was sought in their complaint. Any errors related to the trial court's grant of additional relief under Count I, i.e., the disgorgement of submerged land lease fees, is beyond the scope of this court's jurisdiction in this appeal. Therefore, appellants' first assignment of error, relating to the granting of class certification for Count II, is the only issue before this court.

{¶7} The standard of review in a class certification appeal is well established: "[a] trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chemical Co.*, 31 Ohio St.3d 2000 (1987), syllabus.

{¶8} Under the first assignment of error, appellants first argue the trial court erred by certifying the class sua sponte. Appellants maintain that they did not receive notice and the opportunity to be heard regarding certification of a class for Count II. In support of the trial court's obligation to hold a hearing prior to certifying a class, appellants cite to the Ohio Supreme Court in *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91 (1988). In *Warner*, the Court held: "Where a named defendant is denied notice of a class certification hearing, subsequent certification is not effective against that defendant until a proper hearing is provided for that defendant." *Id.* at 98. We conclude *Warner* is inapplicable to this case.

{¶9} Despite appellants' argument, the trial court did not sua sponte certify a class for Count II. The trial court, in its July 26, 2012 judgment, ordered the parties to brief the issues relating to class certification, in particular with respect to Count II. Specifically, the trial court ordered the parties to brief whether class certification would be sought regarding Counts II and III, and if so, "how will it be certified, potential members notified, maintained, and/or members subclassified, and the issues common to the class and individual to the members adjudicated?"

{¶10} Appellants responded that they were not seeking certification of a class as to Counts II and III and would oppose any such request for certification. Appellants did not, however, provide any reasons for opposing certification or why certification was not legally appropriate as to Counts II and III. In turn, Ohio Lakefront Group, Inc., appellee, filed its response indicating it intended to seek certification of the class for Count II. Appellee represented that the previous analysis employed by the trial court for class certification of Count I would suffice to certify the class for Count II. Appellants did not file a memorandum in response or in opposition to appellee's notification that it was pursuing class certification, nor did appellants provide any argument contra to appellee's rationale for seeking certification. Additionally, the trial court did not issue its judgment entry certifying the class for Count II until three weeks later, which provided appellants with ample time to file a response.

{¶11} Appellants were on notice and had an opportunity to be heard on the issue of class certification on Count II prior to the trial court filing its judgment certifying the class. The trial court's judgment was premised on the same analysis employed in certifying the class for Count I. We therefore conclude that, under these circumstances,

5

an evidentiary hearing was not required prior to the trial court granting class certification as to Count II.

{¶12} Similarly, appellants also argue the trial court erred in certifying a class with respect to Count II without considering whether the representatives presented a claim for relief under that count. Appellants contend that the trial court erred by failing to hold a hearing to inquire whether any of the individuals under the Count II certification were subject to the relief sought. As previously discussed, appellants were on notice and had the opportunity to brief whether class certification under Count II was appropriate. Although there is an assertion that appellants contested class certification under Count II, appellants failed to provide any basis or justification for the challenge. Once the request for class certification was made, appellants had an additional opportunity to respond but failed to do so. The trial court required the parties to brief the issues relating to class certification under Count II. We decline to hold that the trial court erred in failing to hold a hearing on an issue that appellants failed to address in spite of the trial court's direction to do so.

{¶13} Next, appellants maintain the trial court erred in failing to conduct a rigorous analysis of the seven requisite factors for class certification. Those factors are enumerated under Civ.R. 23 and must be satisfied before a court may certify a case as a class action:

> (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied.

6

*Cullen v. State Farm Mut. Auto Ins.*, 137 Ohio St.3d 373, 2013-Ohio-4733, ¶12.

{¶14} At the outset, we recognize that a trial court is not required to "make formal findings to support its decision on a motion for class certification." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70 (1998). Although the Ohio Supreme Court acknowledged "there are compelling policy reasons for doing so," such as ease of appellate review, "there is no explicit requirement in Civ.R. 23." *Id.*

{¶15} Nevertheless, in its order extending class certification to Count II, the trial court noted that the class to be certified for resolution of Count II "would have the exact same members as the class currently certified for Count I, i.e., all littoral property owners bordering Lake Erie. Thus, the class certified for Count I could be maintained through the conclusion of Count II of the First Amended Complaint." The trial court then noted that the relief sought in Count II "does not change the analysis" and "thus is subject to certification on a class-wide basis under Civ.R. 23(B)(2)." Additionally, the trial court noted that the question presented in Count II "can be adjudicated on a class-wide basis."

{¶16} We also note that in drawing its conclusion with respect to Count II, the trial court's judgment incorporated its former findings when certifying Count I. That former judgment, dated June 9, 2006, explicitly outlined and analyzed each of the above enumerated factors. Therefore, we determine that the previous judgment provides an adequate basis upon which this court can determine whether the trial court exercised its discretion within the framework of Civ.R. 23. We hold the trial court did not abuse its discretion in certifying a class under Count II.

7

{¶17} Next, appellants contend the trial court erred in certifying the class under Count II because mandamus relief under Civ.R. 23(B)(2) is not permitted. In support, they cite *State ex rel. Dorris v. Wilkins*, 10th Dist. Franklin No. 80AP-876, 1981 Ohio App. LEXIS 12915. In that case, the relator filed a motion requesting the appellate court to certify an original action in mandamus as a class action, pursuant to Civ.R. 23(A) and (B)(2). Civ.R. 23(B)(2) relates to cases where injunctive and declaratory relief is sought. In denying the writ, the Tenth District observed that an appellate court has no jurisdiction to grant injunctive or declaratory relief. *Id.* at *2. The court determined an original action in mandamus could not be maintained in an appellate court where certification is sought, in part, pursuant to Civ.R. 23(B)(2). *Id.*

{¶18} *Wilkins* stands for the principle that a petition for a writ of mandamus, seeking injunctive or declaratory relief, is beyond the original jurisdiction of an appellate court. This does not, however, imply such an action is beyond the jurisdiction of the trial court. We find no authority to support this proposition. We therefore hold, to the extent a party has satisfied all requisite aspects of Civ.R. 23, a trial court is empowered to certify a class for an action in mandamus.

{¶19} Appellants' first assignment of error is without merit.

{¶20} To the extent indicated, the judgment of the Lake County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.


8