[Cite as *State ex rel. Merrill v. State Dept of Natural Resources*, 2020-Ohio-6811.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE ex rel. ROBERT MERRILL, TRUSTEE, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | **CASE NO. 2019-L-164** |
| | : | |
| HOMER S. TAFT, et al., | : | |
| | : | |
| Intervening Plaintiffs-Appellees, | : | |
| | : | |
| - vs - | : | |
| | : | |
| STATE OF OHIO, DEPARTMENT OF NATURAL RESOURCES, et al., | : | |
| | : | |
| Defendants-Appellees, | : | |
| | : | |
| NATIONAL WILDLIFE FEDERATION, et al., | : | |
| | : | |
| Intervening Defendants-Appellees, | : | |
| | : | |
| GEORGE SORTINO, | : | |
| | : | |
| Appellant. | | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 04 CV 001080.

Judgment: Affirmed.


*James F. Lang*, *Fritz E. Berckmueller*, and *Lindsey E. Sacher*, Calfee, Halter & Griswold, L.L.P., The Calfee Building, 1405 East Sixth Street, Cleveland, OH 44114 (For Plaintiffs-Appellees).

*Homer S. Taft*, 20220 Center Ridge Road, Suite 300, P.O. Box 16216, Rocky River, OH 44116 (Intervening Plaintiff-Appellee).

*L. Scot Duncan*, 1530 Willow Drive, Sandusky, OH 44870 (Intervening Plaintiff-Appellee and for Intervening Plaintiff-Appellee Darla Duncan).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; *Anne Marie Sferra* and *Daniel C. Gibson*, Bricker & Eckler, LLP, 100 South Third Street, Columbus, OH 43215 (For Defendants-Appellees).

*Neil S. Kagan*, 213 West Liberty Street, Suite 200, Ann Arbor, MI 48104; *Peter A. Precario*, 2 Miranova Place, Suite 500, Columbus, OH 43215 (For Intervening Defendants-Appellees).

*Dennis E. Murray, Sr.*, *Margaret M. Murray*, and *Donna J. Evans*, Murray & Murray Co., LPA, 111 East Shoreline Drive, Sandusky, OH 44870 (For Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, George Sortino ("Sortino"), appeals from the judgment entry entered in the Lake County Court of Common Pleas granting appellees' motion to enforce a settlement agreement and for civil contempt. Sortino's argument is that the settlement agreement entered into during a class action proceeding, which was not appealed, is defective. Therefore, he argues that he is not bound as a class member by the agreement's prohibition on bringing future actions against appellees related to the class action and that he is free to proceed with a separate class action suit filed in Erie County. We affirm the judgment.

{¶2} The facts and circumstances leading to the present appeal began with the filing of a class action suit in 2004 by a class of plaintiffs comprised of all littoral property owners along Lake Erie's Ohio coast (the "*Merrill* Class"). Sortino was, at all relevant times, a littoral property owner along Lake Erie's Ohio coast; however, the parties dispute whether Sortino was aware of the class action suit prior to settlement. The suit sought mandamus and declaratory relief, as well as the return of funds collected for submerged

2

land lease payments.  For a complete factual history of the case, see *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612.

{¶3}    After remand from the Ohio Supreme Court, the trial court issued an order to brief class issues and ultimately issued an order extending class certification under Civ.R. 23(B)(2).  That decision was affirmed by this court in *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 11th Dist. Lake No. 2012-L-113, 2014-Ohio-1343, *appeal not accepted*, 140 Ohio St.3d 1416, 2014-Ohio-3785.

{¶4}    A motion for preliminary approval of the class action settlement, approval of notice to class members, and scheduling of settlement hearing—along with stipulations—was filed on May 27, 2016.  Individual notice was given to the 683 class members entitled to refunds.  The remaining class members did not receive individual notification, but notice was published in local newspapers in each of the affected counties with instructions on how to file claims—as approved by the trial court.  A website was also established to submit claims and receive information on the settlement.  At the status hearing conducted on June 14, 2016, the trial court concluded that it had subject matter jurisdiction over the matter and scheduled a settlement hearing.

{¶5}    On September 1, 2016, the trial court issued a journal entry reflecting that nearly 100 identical letters had been received objecting to the preliminary approval of the class action settlement.  Thereafter, counsel for the putative class filed a motion for final approval of the class action settlement, and the trial court held a settlement approval hearing on October 21, 2016.

{¶6}    The order and final judgment approving the settlement in the class action was filed on October 24, 2016, and a notice of final appealable order was issued on

October 26, 2016.  The notice was sent by regular mail to all represented parties, including counsel for the *Merrill* Class.  The settlement provided for compensatory damages and attorney's fees, but it did not specifically grant any equitable relief.  The agreement also stated that the Lake County Court of Common Pleas retained exclusive jurisdiction over the matter.  The order and final judgment were not appealed.

{¶7}    On January 31, 2018, Sortino brought suit against appellees in the Erie County Court of Common Pleas (the "Erie Action") seeking to separately litigate the claims that were settled in the previous class action in Lake County in 2016.  He brought the claim on behalf of "Sortino and the putative members of the *Merrill* class who did not receive individualized notice of the settlement, as required under Civ.R. 23(B)(3)."  On May 29, 2018, appellees filed a motion to enforce the settlement and for civil contempt in Lake County.  The Erie Action was eventually stayed on September 19, 2018, pending the resolution of appellees' Lake County motion to enforce and for contempt.

{¶8}    A hearing on the motion was held on August 17, 2018, and the trial court granted appellees' motion to enforce the settlement and for civil contempt on November 7, 2019, which was stayed pending the present appeal.  The trial court considered the merits of Sortino's challenges to the class action and held, in pertinent part, as follows:

> Initially [Sortino] argues that *Merrill* could only be properly filed in the Court of Claims, because it has exclusive jurisdiction over claims seeking money damages against the state of Ohio. * * * Because this court lacked subject matter jurisdiction to hear the case, its judgment in the matter is void.  While acknowledging that judgments rendered by courts lacking either subject matter or personal jurisdiction are void, the court does not believe this is a serious argument. The Merrill parties were not seeking an award of damages. Instead, they were seeking injunctive and declaratory relief, remedies which are clearly within this court's power to grant. * * *

4

Second, Sortino claims that because money was awarded, Class Two had to be certified under Civ. R. 23(B)(3) instead of (B)(2). * * * The court believes this assertion is simply not true. The court acknowledges that the Supreme Court has held that "individualized monetary claims belong in Rule 23(b)(3)." * * * And it is also true that "[i]n the context of a class action predominantly for money damages we have held that absence of notice and opt out [rights] violates due process." * * * But it has not laid down a blanket rule that money can never be awarded to a Civ.R. 23(B)(2) class. * * * To the contrary, "holding that no monetary relief could be recovered in a (B)(2) class flies in the face of long established circuit-court precedent." * * *

The heart of Sortino's argument, however, seems to be that the settlement dramatically changed the claims asserted by, and the relief provided to, class members. He argues that if the case had not settled, "the *Merrill* court would have been required to issue a declaration on the question of an unconstitutional taking, and ODNR would have been compelled to seek out each property owner to settle or to commence appropriation proceedings * * * ." * * * Instead of approving the settlement under Civ.R. 23(B)(2), the court should have held a hearing to carefully consider whether it should be recertified under Civ.R. 23(B)(3). If it had been so recertified, he claims that individual notification of the settlement and the right to opt out would have been mandatory. * * * The court finds that this argument has some appeal on its face, but ultimately fails. Initially, the court notes that classes certified under Civ.R. 23(B)(2) are mandatory. Members are not afforded a right to opt out, nor even necessarily afforded notice of the action. * * * A (B)(3) class, on the other hand, is not mandatory, and "class members are entitled to receive 'the best notice that is practicable under the circumstances' and to withdraw from the class at their option." * * *

To begin, the court finds that Sortino's entire argument is based on the false assumption that if the Merrill parties had not settled, this court would have found in favor of the plaintiffs on Count Two and issued a mandamus requiring the state to either agree to individual settlements with class members or to initiate land appropriation proceedings with them. While that may have happened, it is far from a certainty. And if it had not, none of the class members would have received any compensation for their taking claim. In fact, that uncertainty was a major factor driving the parties' decision to settle the case.

As to recertifying the class, the court notes that it addressed and approved both how class members would be notified of the settlement and the fact that they would not have opt-out rights at the

5

hearing it conducted on June 14, 2016. Therefore, contrary to Sortino's claim, it considered and specifically found that certification under Civ.R. 23(B)(2) was appropriate, despite the fact that the settlement included a proposed monetary payment on the Count Two claims.

Furthermore, assuming arguendo that the court had decided to recertify this under Civ.R. 23(B)(3), Sortino's assertion that individualized notice would have been required is wrong. Instead, he would have been entitled to receive only "the best notice that is practicable under the circumstances." * * * Given the fact that the Count Two class was variously estimated to include somewhere between 12,000 to 15,500 members, the expense of individualized notice could have easily fully exhausted any funds remaining after the Count One class members were reimbursed. Under those circumstances, individualized notice would not have been practicable, and it is highly unlikely this court would have ordered it.

Most importantly, however, Sortino argues that certification was improper under Civ.R. 23(B)(2) because the settlement provided Count Two class members with no injunctive relief. Instead, monetary relief not only predominated the settlement, it was the sole relief granted by the court. And that relief was individualized depending on a set of factors unique to each class member. As a result, certification under Civ.R. 23(B)(3) was mandatory.

The court again disagrees. As just noted, certification under Civ.R. (B)(2) is only impermissible when money damages are exclusively or predominantly the final relief sought by the plaintiffs. * * * "[M]oney damages predominate when they are not incidental to declaratory and injunctive relief, i.e., when the damages do not 'flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief.'" * * *

Further, it was not improper to maintain the class under Civ.R. 23(B)(2) even though class members received separate amounts of compensation, because that compensation was not based on circumstances unique to each class member. Instead, it was capable of computation by objective standards, was not dependent on intangible, subjective differences of each class member's circumstances, did not require additional hearings on the merits, neither introduced new or substantial legal or factual issues, nor entailed complex individualized determinations. * * * As a result, class certification was appropriate under Civ.R. 23(B)(2), and Sortino's arguments are, again, without merit. * * *

6

As a class member, he is deemed to have "fully, finally, and forever released, waived, discharged, and dismissed each and every" one of the claims he now brings in his Erie County lawsuit. Therefore, he is forever enjoined from prosecuting those claims, pursuant to this court's final order. And this court has the authority to enforce that order against him.

{¶9} Sortino filed a timely notice of appeal and raises four assignments of error for review. Appellees have raised one cross-assignment of error for review. We begin with the cross-assignment of error, which states:

The trial court erred in even considering the merits of Sortino's impermissible collateral attack on the Final Judgment approving the Settlement.

{¶10} Appellees' cross-assignment of error challenges the trial court's consideration of the merits of Sortino's arguments for not being bound by the *Merrill* Class settlement agreement. Appellees claim that Sortino's Erie Action is an impermissible collateral attack on the settlement in *Merrill*. Appellees argue that, as a class member in that case, Sortino is precluded by the doctrines of res judicata and waiver from challenging the settlement.

{¶11} When challenged on direct appeal, "'[t]he determination of whether a settlement is fair, adequate and reasonable is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of some demonstration that the trial court abused its discretion.'" *West v. Carfax, Inc.*, 11th Dist. Trumbull No. 2008-T-0045, 2009-Ohio-6857, ¶11, quoting *In re Kroger Co. Shareholders Litigation*, 70 Ohio App.3d 52, 68 (1st Dist.1990). However, when the challenge is collateral rather than direct, "the appropriate collateral review involves an examination of *procedural* due process and nothing more. As long as procedural safeguards are established by the law and employed, absent class members' objections to the determinations of the certifying

7

court may be properly remedied on appeal within the forum state's judicial system and to the United States Supreme Court." *Fine v. Am. Online, Inc.*, 139 Ohio App.3d 133, 140 (9th Dist.2000) (emphasis sic), citing *Epstein v. MCA, Inc.*, 179 F.3d 641, 648 (9th Cir.1999).

{¶12} Civ.R. 23 establishes the procedures and requirements for certifying, litigating, and settling class actions in Ohio. As reflected in the record, the judgment entry subject to appeal, and the procedural history, the trial court in *Merrill* complied with the requirements contained in Civ.R. 23. The trial court ordered briefings and conducted hearings to determine the proper class certification, jurisdiction, and fairness of the settlement. The classification issue was also appealed and affirmed by this court. To the extent Sortino disagrees with the conclusions of the court in *Merrill*, his remedy would have been to appeal those rulings directly.

{¶13} The trial court's judgment entry addressing the merits of Sortino's attacks on the *Merrill* class action proceedings provided a thorough analysis of the process; however, it also addressed the merits of the arguments made by Sortino as discussed below. To the extent the trial court's entry addressed matters outside of an examination of procedural due process, appellees' cross-assignment of error has merit.

{¶14} Sortino's first assignment of error states:

> [1.] The trial court committed prejudicial error in determining that the court had subject matter jurisdiction, as opposed to the Court of Claims, in order to approve a settlement in which the State of Ohio paid monetary funds to a large number of Class Members to settle the claim asserting an unconstitutional taking of their property, based merely upon the fact that the parties were not seeking damages in their Amended Complaint.

8

{¶15} "'A determination as to whether the trial court has subject-matter jurisdiction * * * is a question of law reviewed de novo.'" *In re Smith*, 11th Dist. Portage No. 2014-P-0056, 2015-Ohio-5522, ¶13, quoting *JP Morgan Chase Banks v. Ritchey*, 11th Dist. Lake No. 2014-L-089, 2015-Ohio-1606, ¶16. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶11 (citations omitted). "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275*, ¶19, citing *Pratts*, *supra*, at ¶12.

{¶16} A void judgment is considered a legal nullity that can be collaterally attacked. *Larney v. Vlahos*, 11th Dist. Trumbull No. 2015-T-0103, 2016-Ohio-1371, ¶6, citing *Clark v. Wilson*, 11th Dist. Trumbull No. 2000-T-0063, 2000 WL 1050524, *2 (July 28, 2000). In contrast, a voidable judgment must be challenged through a "direct attack on the merits." *Id.*

{¶17} The court of claims has exclusive jurisdiction over civil actions against the state for money damages that sound in law. R.C. 2743.02 and 2743.03. This relationship was discussed in *GLA Water Mgt. Co. v. Univ. of Toledo*, 196 Ohio App.3d 290, 2011-Ohio-5034 (6th Dist.):

> Section 16, Article I of the Ohio Constitution provides that "[s]uits may be brought against the state, in such courts and in such manner, as may be provided by law." In the Court of Claims Act, the General Assembly provided the framework for bringing such suits. R.C. 2743.02(A)(1) provides:
>
>> "The state hereby waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the

9

court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *."

R.C. 2743.03(A) creates the court of claims and defines its jurisdiction, stating:

"(1) * * * The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *.

"(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action."

*Id.* at ¶19-23.

{¶18} R.C. 2743.03(A)(2) proceeds to state: "This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant *seeks* against the state is a declaratory judgment, injunctive relief, or other equitable relief." (Emphasis added). "'A suit that *seeks* the return of specific funds wrongfully collected or held by the state is brought in equity.'" *Borchers v. Grand Lake St. Marys State Park*, Ct. of Cl. No. 2005-05485-AD, 2005-Ohio-6115, ¶10, quoting *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, syllabus. (Emphasis added.)

{¶19} In the matter sub judice, Sortino initially argues that because the settlement in *Merrill* contained an award of damages for an unconstitutional taking of property and attorney fees, it was no longer within the jurisdiction of the common pleas court and was required to be removed to the court of claims. Appellees dispute that the payments made

10

in accordance with the settlement were damages and also dispute that any admission of a taking was part of the settlement. The settlement agreement supports appellees' interpretation.

{¶20} R.C. 2743.03(A)(2) specifically reserves original jurisdiction to the common pleas court for civil suits seeking equitable relief. The statute, as well as all relevant case law submitted by the parties, references the remedies *sought* rather than the ultimate disposition. Sortino states in his brief, "There is no question that the Lake County Court of Common Pleas had jurisdiction over [the] claims. The Merrill Plaintiffs sought (1) a declaratory judgment; (2) an order instructing ODNR to institute appropriation proceedings; and (3) the return of submerged land lease payments that were illegally collected by ODNR." The fact that the parties agreed to enter into a settlement rather than litigate the claims does not change the fact that the suit was brought seeking equitable relief, and Sortino points to no case law establishing that a court is divested of subject-matter jurisdiction after seeking the equitable remedies allowing the common pleas court to exercise jurisdiction.

{¶21} Sortino's first assignment of error is without merit.

{¶22} Sortino's second and third assignments of error state:

> [2.] The trial court committed prejudicial error when it approved the settlement of the parties which provided relief to the class members in the form of monetary damages, but did not provide those class members with any individual notice nor any right to opt out, as required under Civ.R. 23(B)(3) and the overarching protection of jurisdictional due process.

> [3.] The trial court committed prejudicial error when it held that class member, Sortino, and all other of his similarly situated class members, who did not receive notice and were not afforded the right to opt out of the settlement, were bound by the terms of the settlement and that they were forever barred from any rights to

11

individually pursue any claim against the State of Ohio for the claims that were settled in favor of the State of Ohio in this action.

{¶23} Sortino's second and third assignments of error challenge the certification of the class under Civ.R. 23(B)(2), the subsequent notification requirements, and the binding nature of the settlement without an opt-out option. He argues that the class should have been recertified under Civ.R. 23(B)(3), which requires additional notice and opt-out alternatives, once a monetary award was included in the settlement. While Sortino argues that the Civ.R. 23(B)(2) certification and binding nature of the settlement violate his right to substantive due process, these challenges relate to the procedures and determinations made by the trial court in the *Merrill* class action settlement, which was not appealed. Therefore, as discussed above, a review of Sortino's second and third assignments of error are reviewable in the present appeal only to the extent of insuring procedural due process.

{¶24} "Certification under Civ.R. 23(B)(2) depends upon what type of relief is *primarily sought*, so where the injunctive relief is merely incidental to the primary claim for money damages, Civ.R. 23(B)(2) certification is inappropriate." *Wilson v. Brush Wellman, Inc.*, 103 Ohio St.3d 538, 2004-Ohio-5847, ¶17 (emphasis added). Again, "[a] suit that *seeks* the return of specific funds wrongfully collected or held by the state is brought in equity." *Borchers*, *supra*, at ¶10, citing *Santos*, *supra*, at the syllabus (emphasis added).

{¶25} This court, in *Asset Acceptance LLC v. Caszatt*, 11th Dist. Lake No. 2009-L-090, 2010-Ohio-1449, discussed the Ohio Supreme Court's approach where the relief sought is disputed:

> As the Supreme Court of Ohio stated, "[d]isputes over whether the action is primarily for injunctive or declaratory relief rather than a monetary award neither promote the disposition of the case on the

12

merits nor represent a useful expenditure of energy. Therefore, they should be avoided. If the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2). * * * The court has the power under subdivision (c)(4)(A), which permits an action to be brought under Rule 23 'with respect to particular issues,' to confine the class action aspects of a case to those issues pertaining to the injunction and to allow damage issues to be tried separately."

*Id.* at ¶71, quoting *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 87 (1998) (quotation omitted).

{¶26} *Hamilton* is analogous to the matter sub judice. There, mortgagors brought a class action against the mortgagee bank, challenging the bank's method for calculating interest on mortgage loans. After the court of common pleas denied certification, the Eighth District Court of Appeals affirmed as to subclasses with retired mortgage loans and reversed as to subclasses with outstanding mortgage loans. The Ohio Supreme Court held that class certification under Civ.R. 23(B)(2) should have been granted with respect to all subclasses, stating:

> [W]e disagree that subclasses two and four seek primarily money damages. Their primary object is to terminate Ohio Savings' alleged practice of overcharging interest and/or misamortizing its loans. Without such relief, they would achieve only the recoupment of overpaid interest to date. The fact that money damages are also sought in addition to injunctive relief does not defeat certification under Civ.R. 23(B)(2).

*Hamilton*, *supra*, at 86-87, citing 5 Moore, *Federal Practice*, Section 23.43[3][a], at 23-196 to 23-197 (3d Ed.1997).

{¶27} Sortino admits the initial determination to certify the class under Civ.R. 23(B)(2) was correct. He provides no case law or justification supporting the principal that a trial court must reconsider its certification for a second time based on the terms of a settlement. Here, the trial court ordered the parties to submit briefs on the issue of class

13

certification. It considered the certification issue and concluded—based on the relief sought by the *Merrill* Class in their complaint—that certification under Civ.R. 23(B)(2) was appropriate. We find no error or defect in the procedure used by the trial court in reaching that conclusion. Therefore, the alternative means of providing notice and requirement to allow class members to opt-out is inapplicable to the present matter, and the Civ.R. 23(B)(2) certification was procedurally sufficient. Because the certification under Civ.R. 23(B)(2) was sufficient, Sortino is bound by the terms of the settlement and prohibited from bringing future actions against appellees based on the settled claims.

{¶28} Sortino's second and third assignments of error are without merit.

{¶29} Sortino's fourth assignment of error states:

> [4.] The trial court committed prejudicial error when it found Sortino in contempt of court for prosecuting the claims that he asserted in the case filed in Erie County Court of Common Pleas, because Sortino had not released those claims due to the defective notice provisions in the *Merrill* settlement.

{¶30} Sortino's fourth assignment of error challenges the trial court's finding that, as a result of him being included in the *Merrill* class, he was bound by the terms of the settlement agreement and therefore in contempt for filing the Erie Action.

{¶31} Once again, the class certification and determination of class members in the *Merrill* case was not appealed. Further, Sortino admits that he was a member of the class in *Merrill*. His only challenge is to the determination of class designation under Civ.R. 23 for purposes of the appropriate notice requirements, which are not reviewable outside of direct appeal. As discussed above, the trial court correctly determined that Sortino was a member of the Civ.R. 23(B)(2) certified *Merrill* class. Therefore, he was

14

bound by the prohibition against bringing future actions, and he was in contempt of the settlement agreement by filing the Erie Action.

{¶32} Sortino's fourth assignment of error is without merit.

{¶33} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

15